[Crim. No. 490.   Fourth Dist.   Dec. 6, 1944.]

THE PEOPLE, Respondent, v. LEE A. JOHNSON, Appellant.

Lee A. Johnson, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from a judgment of conviction of defendant of the crimes of burglary and attempted robbery.  No question of the guilt or innocence of defendant can now be injected into the case, because, if a plea of not guilty was ever interposed (which does not appear from the record), it was expressly abandoned and withdrawn during the trial, the defendant relying solely on his pleas of former conviction and once in jeopardy.  These pleas were based on a former conviction of defendant of murder of the first degree.

Defendant and one Comstock armed themselves with a loaded revolver and went to the house occupied by John Yoklavich.  They opened the door, entered the house and found Yoklavich and his family seated at a table eating their din-

ner. Comstock, who had the revolver, pointed it at Yoklavich and demanded $300 which Comstock stated had been brought to the house from a store. Yoklavich denied having the money, saying he had not brought it from the store. Comstock gave the revolver to Johnson with instructions to keep the family covered and he proceeded to search the house for the money. Not finding it he returned to the dining room, took the revolver from Johnson and ordered Yoklavich, and a girl whom he addressed as "Blondie," to accompany them to the store for the money. Yoklavich and the girl arose from their seats at the table and Yoklavich grappled with Comstock, who shot him twice, killing him. During the struggle between the two men, Johnson threw a box at the young girl and ran out the front door followed by Comstock. The two were charged with murder of the first degree, were convicted and sentenced to life imprisonment.

Defendant now claims that his conviction for murder sustains his pleas of prior conviction and once in jeopardy because the killing grew out of the same transaction, and in the murder case the trial judge instructed the jury that if the killing was committed in an attempted armed robbery it was murder of the first degree.

This contention is entirely without merit. Neither burglary nor attempted robbery is an included offense in murder. The elements of the three offenses are entirely different. When Comstock and Johnson opened the door of the house and entered it with the intent to commit a felony the crime of burglary was complete. (Pen. Code, § 459.) When they demanded money from Yoklavich, and attempted to obtain it by means of force and fear produced by pointing a loaded revolver at him, the crime of attempted robbery was complete. (Pen. Code, §§ 211 and 664.) The crime of murder followed. Under the authority of *People* v. *Hoyt*, 20 Cal.2d 306 [125 P.2d 29], and *People* v. *Coltrin*, 5 Cal.2d 649 [55 P.2d 1161], the pleas of former conviction and once in jeopardy are not available to a defendant under these circumstances.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.