GEORGE McCHAN *v.* STATE OF
MARYLAND

[No. 50, September Term, 1969.]

*Decided April 14, 1970.*

312

The cause was argued before MORTON, ORTH, and THOMPSON, JJ., and McWILLIAMS, J., Associate Judge of the Court of Appeals, specially assigned.

*Milton B. Allen* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert C. Ozer, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

George McChan filed an immediate appeal from an order of the Criminal Court of Baltimore denying his pre-

trial motion to dismiss indictments 6108 and 6109, Docket 1966, pending against him. The State moved to dismiss the appeal as premature, claiming that the refusal to grant the motion to dismiss the indictments was not a final judgment. We grant the motion of the State with regard to indictment 6108 and dismiss the appeal as to that indictment. We deny the motion of the State with regard to indictment 6109, entertain the appeal, and affirm the order of the lower court with respect to its refusal to grant the motion to dismiss indictment 6109.

On 27 December 1966 indictments 6107, 6108 and 6109 were returned as true bills by the Grand Jury for Baltimore City and filed in the Criminal Court of Baltimore. Each indictment alleged that offenses had been committed by appellant on 21 December 1966. Indictment 6107 charged the murder of Albert Poland Polotsky by its only count; indictment 6108 charged assault with intent to murder Viola Forrester by its first count and the assault and battery of her by its second count; indictment 6109 charged the robbery of Polotsky with a deadly weapon by its first count and related offenses by six other counts. The State called indictment 6107 for trial in the Criminal Court of Baltimore,[1] appellant exercised his right to be tried by a jury under a plea of not guilty, and proceedings began to select a jury. Before the selection of the jury was completed, upon suggestion of appellant for removal, the case was removed to Anne Arundel County. Maryland Rules 542 and 738. Indictment 6107 was tried in the Circuit Court for Anne Arundel County before a jury, which rendered a verdict of guilty of murder in the first degree without capital punishment. See *McChan v. State*, 9 Md. App. 317 (1970).

The State then called indictments 6108 and 6109 for trial in the Criminal Court of Baltimore, appellant moved to dismiss the indictments, the motion was heard and de-

---

1. Appellant made no objection to trial proceeding only on indictment 6107 nor did he request the indictments be consolidated for trial. See Rule 734; *Stevenson and Borum v. State*, 9 Md. App. 152 (1970). Appellant's suggestion of removal went only to indictment 6107.

nied prior to trial, and the denial is the subject of this appeal.

The general rule is that there can be no appeal except from a final judgment. A corollary to this rule is that action of a trial court which denies an absolute constitutional right, although seemingly interlocutory, will be reviewed without requiring complainant to proceed to final judgment. The corollary is subject to qualification; even though a constitutional right is involved, action of the lower court rightfully exercising discretion as to the functioning of the right will not be so reviewed. *Pearlman v. State,* 226 Md. 67, 71; Code, Art. 5, § 12.

The ground for the motion to dismiss indictment 6108 was that the State did not seek to try the indictments together but rather elected to try 6107 first and then 6108 and 6109. Appellant claims this denied him due process of law in that it renders any subsequent trial of 6108 unfair for reasons he designates. But we do not reach the question whether or not the refusal to dismiss indictment 6108 was proper for we hold, for the reasons set forth in detail in *Raimondi v. State,* 8 Md. App. 468, that the order denying the motion to dismiss indictment 6108 was interlocutory and not a final judgment from which an appeal will lie prior to a trial on the merits. Our holding is consistent with the rationale of our decisions to like effect in *Powers v. State,* 8 Md. App. 487, *Davis v. State,* 8 Md. App. 480, *Dodson v. State,* 8 Md. App. 478, *Pearce v. State,* 8 Md. App. 477 and *Greathouse v. State,* 5 Md. App. 675.

Double jeopardy was the ground advanced for the dismissal of indictment 6109. Consistent with the apparent rationale underlying the right to take an immediate appeal on the ground of alleged violation of the constitutional right to a speedy trial, see *Jones v. State,* 241 Md. 599, *Harris v. State,* 194 Md. 288, we held in *Brown v. State,* 2 Md. App. 388, that an immediate appeal would lie, prior to a trial on the merits, from the denial of a motion asserting a violation of the constitutional right not to be twice placed in jeopardy for the same offense.

However, we noted in *Raimondi v. State, supra,* at 473:

"But whether a person has been denied a speedy trial or is being placed in double jeopardy will usually turn on the facts and circumstances present in the particular case; and, at least with the exception of those cases where the trial judge concludes that the right exists and is applicable but nevertheless refuses to apply it, the determination of the question by the lower court would always seem to involve an application of judicial discretion 'as to the functioning of the right' squarely within the rules enunciated in [*Pearlman v. State, supra*] [*Lee v. State,* 161 Md. 430] prohibiting immediate appeals from interlocutory orders."

In any event, in accordance with *Brown,* we entertain the appeal from the denial of the motion to dismiss indictment 6109.

Appellant claims that he was convicted of murder in the first degree only because the homicide was committed in the perpetration of a robbery of the deceased as prescribed by Code, Art. 27, § 410.[2] For the purpose of decision we accept this premise. He then argues that since proof of the robbery was a necessary element in the proof of the murder in the first degree, upon conviction of murder in the first degree, the crime of robbery of the deceased merged therein. Thus, he urges, he cannot again be tried for that robbery, for by so doing he would be placed twice in jeopardy for the same offense. *Parker v. State,* 7 Md. App. 167 is dispositive of the question. Parker was convicted of murder in the first degree and the robbery of the deceased with a deadly weapon. It appeared that the finding of murder in the first degree was

2. We have held that robbery with a deadly weapon, proscribed by Code, Art. 27, § 488 does not create a new substantive crime of "robbery with a deadly weapon" but merely provides a penalty for the crime of robbery more severe when the robbery is committed with a dangerous and deadly weapon than when it is not. *Darby v. State,* 3 Md. App. 407, 412-414. Thus robbery with a deadly weapon is within § 410.

only by application of the felony murder statute. Parker contended, as appellant here contends, that upon his conviction of murder in the first degree the charge of robbery with a deadly weapon merged therein. We declined to vacate the robbery conviction. We held that the doctrine of merger was not applicable because murder and robbery are separate and distinct offenses. We said, at p. 199:

> "Murder is homicide committed with malice aforethought, * * *; it is malice which distinguishes murder from manslaughter. * * *. As 'murder in the first degree' is not a crime as such but merely a classification of murder, that the status of a first degree classification may be attained by proof that the murder was committed during the perpetration of a robbery, does not make robbery an essential element of murder and it follows that murder does not necessarily involve robbery. Nor do murder and robbery arise from the same act; the act of taking property from a person by means of force and fear is separate and distinct from the act of firing shots that kill him, even though each is a part of one general transaction and even though evidence as to the robbery is admissible as to the murder." (citations omitted)

We find that appellant was not placed in jeopardy at the murder trial for the crime of robbery of the murder victim. Therefore he may be tried for the armed robbery of the murder victim and offenses related thereto as charged in indictment 6109. We hold there was no error in the denial of the motion to dismiss indictment 6109.

*As to indictment 6108:*
*Appeal dismissed.*
*As to indictment 6109:*
*Order denying motion to dismiss affirmed.*