BERNARD BROWN *v.* STATE OF MARYLAND

[No. 63, September Term, 1970.]

*Decided November 25, 1970.*

The cause was argued before ORTH, THOMPSON, and
POWERS, JJ.

*Leonard A. Briscoe, Jr.,* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*James B. Dudley, Assistant State's Attorney for Balti-
more City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Bernard Brown, the appellant, was indicted for rob-
bery with a deadly weapon. His motion to dismiss the in-

dictment was denied by Judge Basil A. Thomas in the Criminal Court of Baltimore. From this denial, he filed an immediate appeal.

Henry Last, operator of Henry's Self-Service, was killed during an armed robbery of his store. On February 13, 1969, the appellant was convicted of first degree murder for the homicide. Since it was shown that appellant was one of the robbers, the appellant and the State agreed that appellant was convicted of the murder by use of the felony-murder rule. On March 14, 1969, appellant was sentenced to life imprisonment for the murder conviction. This conviction was affirmed by the Court of Special Appeals in *Brown v. State,* No. 330 September Term, 1969, an unreported opinion decided May 6, 1970. On April 8, 1969, appellant was indicted for robbery with a deadly weapon of Henry Last. Counsel for appellant filed a motion to dismiss the indictment, alleging double jeopardy. This appeal results from the denial of appellant's motion to dismiss.

In this appeal, appellant argues that the indictment for robbery with a deadly weapon should be dismissed because it violates the principles of double jeopardy, collateral estoppel, and *res judicata.*

The question as to double jeopardy was decided adversely to the appellant's position in the case of *McChan v. State,* 9 Md. App. 311, 264 A. 2d 130 on the basis that felony-murder and the felony were separate crimes and did not merge.

Appellant next argues that the doctrine of "collateral estoppel" prevents him from being tried on the robbery charge after evidence sufficient to prove the robbery was admitted in his murder trial. He relies on *Ashe v. Swenson,* 397 U. S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469. Although collateral estoppel has been raised in this Court, see *Boblits v. State,* 7 Md. App. 391, 256 A. 2d 187 and *Jenkins v. State,* 3 Md. App. 243, 238 A. 2d 922, the *Ashe* case gives a more complete discussion of the doctrine and its applicability. According to *Ashe,* collateral estoppel "means simply that when a issue of ultimate fact has once

been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 90 S. Ct. at 1194. The Court held that when *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 applied fifth amendment double jeopardy protection to the states, it also applied the doctrine of collateral estoppel to the states as a matter of federal constitutional law. In *Ashe,* the appellant was acquitted at the first trial in such a manner that the State's retrial involved exactly and specifically the identical point, i.e., appellant's identity as a robber. As this Court reads the *Ashe* opinion, it would appear that had the defendant been convicted at the first trial, then the State would not have been prevented from trying the appellant at subsequent trials for the robbery of additional victims of the same robbery involved in the original trial. This impression of the *Ashe* case is supported by footnote 13 in Justice Brennan's concurring opinion which says:

> "And, of course, collateral estoppel would not prevent multiple prosecutions when the first trial ends in a verdict of guilty." 90 S. Ct. at 1202.

This impression is supported by the court's opinion, written by Justice Stewart when at 90 S. Ct. 1195 he said:

> "The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again."

The impression is also supported because the Court did not adopt the rule permitting, with exceptions not here pertinent, only one criminal trial for a "single transaction" which was urged in a concurring opinion by Justice Brennan, with whom Justices Douglas and Marshall concurred. Since appellant's first trial here resulted in a verdict of guilty and since his case is distinguishable from *Ashe*, the doctrine of collateral estoppel avails him nothing.

Appellant concludes by arguing that the doctrine of *res judicata* requires his robbery indictment be dismissed. A reading of the authorities hereinbefore and hereinafter cited will show there is some confusion as to what is included in the terms double jeopardy, collateral estoppel, and *res judicata*. When the Court of Appeals discussed *res judicata* as recently as *Rouse v. State*, 202 Md. 481, 97 A. 2d 285 and *State v. Coblentz*, 169 Md. 159, 180 A. 266 it seems apparent the principle discussed in those cases was the same principle applied by the Court in *Ashe v. Swenson, supra*. This is particularly apparent when the Court in *State v. Coblentz*, 169 Md. at 164 said:

> "In *Freeman on Judgments*, (5th Ed.), sec. 648, the rule invoked by the defendant is: 'There is no reason why a final judgment in a criminal case or proceeding should not, under proper circumstances, be given conclusive effect as an estoppel or bar. The same policy which dictates the rule in civil cases requires it in criminal cases. The principles applicable in judgments in criminal cases are, in general, identical so far as the question of estoppel is involved, with the principles recognized in civil cases.' The author, however, recognizes its limitations, when he says: 'But under such circumstances, the previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated.' 'If there is a contest between the State and a defendant over an is-

sue, I know of no reason why it is not *res judicata* in another criminal case,' *Van Fleet, Former Adjudication;* . . ."

In a discussion of the problem in 9 A.L.R.3d 203, it was stated that collateral estoppel is one aspect of *res judicata*. If we look upon *res judicata* as a broad term including both double jeopardy and collateral estoppel, it is possible to reconcile the language of the authorities cited herein. We need not and do not decide whether *res judicata* embraces any other concepts, although it appears that it does not, because no other concept could be applicable on the facts of the instant case.

*Order affirmed.*