**David L. ACRES, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee.

Sept. 5, 1972.

Robert L. Badger, Jack H. McPherson, Jr., Kingston, for appellant.

David M. Pack, Atty. Gen., State of Tennessee, Charles W. Cherry, Asst. Atty. Gen., Nashville, Walter E. Fischer, Robert T. Beaty, Asst. Dist. Attys. Gen., James town, for appellee.

## OPINION

JENKINS, Special Justice.

The defendant, David L. Acres, was indicted along with a co-defendant, James Eads, in the Criminal Court of Anderson County for murder in the first degree, an armed robbery.

The indictment in the murder charge, being Case No. 10602 reads as follows:

"The Grand jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged to inquire in and for the body of the County of Anderson in the State aforesaid, upon their oath, present that James Thomas Eads and David L. Acres late of the said County, heretofore, to wit, on or about the 22nd day of December, 1969, in the County aforesaid, did then and unlawfully, feloniously, willfully, maliciously, deliberately, premeditately and with malice aforethought with a pistol shoot and kill Charles C. Wilder and did then and there commit murder in the first degree against the peace and dignity of the State of Tennessee."

The indictment in the armed robbery case, being Case No. 10605, reads as follows:

"The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged to inquire in and for the body of the County of Anderson in the State aforesaid, upon their oath, present that James Thomas Eads and David L. Acres late of the said County, heretofore, to wit, on or about the 22nd day of December, A.D. 1969 in the County

aforesaid, did then and there unlawfully, feloniously and forcibly take from the person of Charles C. Wilder, a red Volkswagon, of the value of $1,500.00 by violence and putting him, the said Charles C. Wilder, in fear by use of a deadly weapon, to wit; a pistol with which the said defendant did shoot the said Charles C. Wilder against the peace and dignity of the State of Tennessee."

The facts, from review of the record, show that the defendant Acres and his co-defendant Eads escaped from Eastern State Hospital on December 22, 1969. They went to Acres' brother's home in Knoxville for the purpose of obtaining an automobile that belonged to Acres, but his brother refused him permission to drive it due to the fact that he owed him some money on the automobile. They then hitchhiked to Acres' mother's home in Kingston, where one of them, the facts being in dispute, obtained a .22 caliber pistol and two steak knives, and continued hitchhiking to Anderson County, where they were picked up by the victim driving a Karmann Ghia Volkswagen. During this drive one of them, and this is in dispute, commandeered this automobile at gunpoint.

The facts are much in dispute about who killed the victim, but he was shot near Oliver Springs and later died. A witness saw the little sports car pull into his driveway and then noticed blows and a struggle among the three occupants of the car. This witness related that Eads knocked on his door and told him to call the police. He noticed Acres standing alongside the car rifling the wallet of the victim, although Eads testified that he (Eads) robbed the victim. The victim was found in the back seat compartment of the car bleeding from a bullet wound in his head. He died the next day in a hospital in Knoxville. The two, Eads and Acres, were apprehended a few hours afterwards, with both hailing a police car. The officer related that they were laughing and cutting up. The defendant Eads testified that in a struggle over the gun Acres shot the vic-

tim. The defendant Acres denies this and places the blame on Eads for the slaying.

The co-defendant, Eads, elected to plead guilty to the armed robbery charge, and according to the record, was given a sentence of fifty years, the record being silent as to what disposition would be made of the murder case, it being apparent that the defendant Eads, in order to avoid trial in the murder case, testified as a witness for the State against the young sixteen year old defendant Acres.

The jury found the defendant Acres guilty in both cases, and recommended a sentence of 35 years in Case No. 10602 finding him guilty of murder in the first degree; the jury also found the defendant Acres guilty of robbery as charged in the indictment in Case No. 10605 and recommended a sentence of 15 years.

The Court overruled a motion for a new trial and sentenced the defendant Acres to 35 years in the State Penitentiary on the murder charge, and to 15 years in the penitentiary in the armed robbery case, the sentences to be served consecutively making a total of 50 years, the exact sentence received by Eads in his submission to the robbery charge.

The defendant Acres appealed to the Court of Criminal Appeals, assigning several errors, relying particularly on the fact that he was deprived of a juvenile court hearing and that he was not given the proper warnings under Miranda. He also complained that his juvenile record was allowed to be exposed on cross-examination seeking to impeach his testimony.

The Court of Appeals found that there was no merit to the defendant's assignments of error with reference to his juvenile court hearing or the lack thereof, and also no merit in the complaint that he was not given proper Miranda warning. With this, we agree.

We have reviewed this record carefully and are satisfied that the two, that is the defendant Acres and the witness Eads, in

concert with one another, participated in the commandeering of the automobile and the robbery of the victim, from which acts the victim's death resulted. Acres, in the most favorable light to him, was aiding and abetting, and was therefore held accountable for the unlawful act or acts culminating in this robbery and murder.

■■■ The District Attorney was permitted to ask the defendant Acres about his prior acts of misconduct as a juvenile and about Juvenile Court proceedings. This was error and should not have been permitted, because on trial was a sixteen year old youth who, under the law, is clothed with innocence insofar as his juvenile record is concerned, and to allow the State to penetrate that armor of innocence which is thrown about him by Statute in a case of this nature is in our opinion clearly error and violative of the defendant's rights.

If the defendant were not so obviously guilty of murder, this would result in a reversal of this case, but after carefully reading the record, we cannot but agree with the Court of Appeals' conclusion that this was harmless error, and a retrial of the matter could not result in any conclusion other than another jury finding this defendant guilty of murder in the first degree.

We, however, do not put our stamp of approval on this procedure as permitted in the trial court, for to permit it would allow the State to reveal the juvenile record and the indiscretions of youth of a defendant on trial for his life. It would then be reasonable to assume that anyone who has committed a youthful indiscretion would hesitate to go on the witness stand in his own behalf, lest the revelation of this indiscretion might prejudice some juror or jurors against him.

We come now to the question as to whether or not two convictions in this case, that of murder in the first degree and that of armed robbery can be allowed to stand. We think not.

■■ There is no doubt that these two offenses were committed at the same time and were parts of a single continuing act inspired by the same criminal intent essential to each offense, and were susceptible to but one punishment, and conviction of one is a bar to conviction of the other, Walton v. State, 1 Tenn.Cr.App. 668, 448 S.W.2d 690; Cronan v. State, 113 Tenn. 539, 82 S.W. 477; State v. Covington, 142 Tenn. 659, 222 S.W. 1; Patmore v. State, 152 Tenn. 281, 277 S.W. 892; Dowdy v. State, 158 Tenn. 364, 13 S.W.2d 794; English v. State, 219 Tenn. 568, 411 S.W.2d 702.

As aforesaid, we are satisfied from a careful review of the record that the two in concert with one another participated in the taking of the automobile and the robbery of the victim from which acts the victim's death ensued, and that Acres in the most favorable light to him, as aforesaid, was aiding and abetting and was therefore held accountable for the unlawful acts culminating in this robbery and murder.

The acts of murder and robbery are inseparable. It is only because the murder was in the course of robbery that it was first degree. If the murder had been without intent of robbery it would have been a lesser degree, because the element of intent that makes it first degree is the intent to rob.

The defendant Acres was convicted under two separate indictments, that of murder in the first degree and that of armed robbery. The two offenses were parts of a single continuing act, and we are of the opinion that it was error for the court below to pronounce judgment for both crimes as charged in the indictments.

■■■ When this Court finds that only one of the two judgments can stand, the judgment for the greater offense should be allowed to stand. This is the accepted rule.

We, therefore, reverse and dismiss the armed robbery case, being Case No. 10605,

wherein the defendant was given a sentence of fifteen years, and we affirm Case No. 10602, the murder case, wherein the defendant was given a sentence of thirty-five years.

DYER, C. J., and CHATTIN, and Mc-CANLESS, JJ., concur.

CRESON, J., not participating.