**STATE of Tennessee, Petitioner,**

v.

**Hugh L. BRIGGS and Montro Taylor, Jr., Respondents.**

Supreme Court of Tennessee.

Feb. 2, 1976.

John B. Hagler, Jr., Asst. Atty. Gen., Nashville (R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel), for petitioner.

---

Stanley Fink, Walker Gwinn, Memphis, for respondents.

## OPINION

BROCK, Justice.

The respondents, Hugh Briggs and Montro Taylor, Jr., hereinafter called defendants, were convicted in the criminal court for Shelby County of first degree murder and robbery with a deadly weapon. The punishment assessed for the murder conviction was 100 years in the penitentiary and for the robbery conviction, life imprisonment. The Court of Criminal Appeals reversed the judgment of the trial court in each case with respect to each defendant. The State petitioned this Court for review by certiorari which was granted.

The record indicates that on December 19, 1971, the defendants and an unidentified accomplice entered a Memphis grocery supermarket disguised and armed. Immediately upon their entry into the store, the defendant Taylor shot and killed Mr. Alfred Frazier, the produce manager of the store. They then proceeded to rob the supermarket safe of its contents and fled the scene. At the trial the State was permitted, over the objection of the defendants, to introduce evidence concerning a robbery by the defendants of another supermarket subsequent to the robbery here on trial. Upon the authority of *Harris v. State*, 189 Tenn. 635, 227 S.W.2d 8 (1950), the Court of Criminal Appeals reversed the convictions holding that there were no circumstances in this case which would render the evidence of the other robbery relevant to the issues on trial. With this action of the Court of Criminal Appeals, we are in complete agreement, and we concur in the reversal of the judgments in the trial court and the remand of these cases to the trial court for a new trial.

Nevertheless, we have granted certiorari to consider another question which will arise on the new trial. That question is whether or not an accused who murders a person during the course of perpetrating a robbery may be convicted both for the armed robbery and for murder in the first degree committed in the perpetration of the robbery.

The Court of Criminal Appeals held that convictions for both offenses could not stand, relying upon the decision of this Court in *Acres v. State*, 484 S.W.2d 534 (Tenn.1972). Recently, this Court in *State v. Black*, 524 S.W.2d 913 (Tenn.1975), dealt rather extensively with this general problem which was identified as "actually one of identity of offenses, which is one facet of the broader subject of double jeopardy."

The *Acres* opinion has been generally understood as authority for the proposition that one who commits a murder in the perpetration of a robbery cannot be convicted both for the robbery and for first degree murder; the theory being that the robbery is a lesser included offense within the offense of first degree murder because under our statute, T.C.A. § 39–2402, the perpetration of the robbery serves, in lieu of premeditation, to constitute one of the essential elements of first degree murder.

So understood, the decision in *Acres* is contrary to the great majority of the decisions in this country dealing with this specific issue. *State v. Hall*, 86 Idaho 63, 383 P.2d 602 (1963); *McChan v. State*, 9 Md. App. 311, 264 A.2d 130 (1970); *Brown v. State*, 10 Md.App. 416, 271 A.2d 194 (1970); *State v. Moore*, 326 Mo. 1199, 33 S.W.2d 905 (1930); *State v. Calvo*, 240 La. 75, 121 So.2d 244 (1960), cert. den. 81 S.Ct. 170, 364 U.S. 882, 5 L.Ed.2d 103 (1960); *Centers v. Commonwealth*, 318 S.W.2d 57 (Ky.1958); *State v. Orth*, 106 Ohio App. 35, 153 N.E.2d 394 (1957); *State v. Barton*, 5 Wash.2d 234, 105 P.2d 63 (1940); *Carmody v. Seventh Judicial District Court*, 81 Nev. 83, 398 P.2d 706 (1965), 11 A.L.R.3d 828; *Commonwealth v. Crecorian*, 264 Mass. 94, 162 N.E. 7 (1928); *Duvall v. State*, 111 Ohio St. 657, 146 N.E. 90 (1924); *People v. Johnson*, 67 Cal.App.2d 195, 153 P.2d 784 (1944); *Johnson v. People*, 152 Colo. 586, 384 P.2d 454 (1963), cert. den. 84 S.Ct. 682, 376 U.S. 922, 11 L.Ed.2d 617 (1964). The holding in each of the forego-

ing cases is that robbery is neither the same nor an included lesser offense within the crime of murder in the first degree and that convictions for both offenses may properly be allowed to stand when murder is committed during the perpetration of a robbery. The reasoning which supports the decision in each of the foregoing cases is ably stated by the Supreme Court of Idaho in *State v. Hall, supra,* to-wit:

"The allegation that the homicide occurred in the perpetration of a felony, does not charge the accused with the commission of the felony referred to, nor make it an offense included in the murder charge; it merely characterizes the murder as to degree. . . .

    \*    \*    \*    \*    \*    \*

"An 'included offense' is one which is necessarily committed in the commission of another offense; or one, the essential elements of which, are charged in the information as the manner or means by which the offense was committed. . .

"The crime of murder may be committed without the commission of any of the felonies named in the [felony-murder] statute, and the allegation that the homicide was committed while its perpetrators were engaged in a robbery does not charge that the robbery was the manner or means by which the murder was accomplished. The murder was charged to have been committed by means of a gun. The robbery was alleged only as a condition or circumstance characterizing the murder as first degree. The robbery was not an 'included offense' in the murder charge. It is clear from the statutory definitions, *supra,* that murder and robbery are separate, distinct and independent crimes. Neither is the 'same offense' as the other, within the constitutional provision against double jeopardy, and a *prosecution* for one does not bar a subsequent prosecution for the other on that ground." Id., 383 P.2d at 605, 606.

In these cases the courts were dealing with statutory definitions of "felony-murder" substantially equivalent to the definition in this State contained in T.C.A. § 39–2402, which provides:

"An individual commits murder in the first degree if:

    .    .    .    .    .

(4) he commits a willful, deliberate and malicious killing or murder during the perpetration of any arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb."

The *Acres* decision was based essentially upon the "same transaction" rule for determining whether or not two offenses are identical, as is shown by this statement taken from that opinion:

"There is no doubt that these two offenses were committed at the same time and were parts of a single continuing act inspired by the same criminal intent essential to each offense, and were susceptible to but one punishment, and conviction of one is a bar to conviction of the other . . . ." 484 S.W.2d at 537.

But, the "same transaction" rule has been expressly rejected twice by this Court since the decision in the *Acres* case. *Duchac v. State,* 505 S.W.2d 237 (Tenn.1973); *State v. Black, supra.* Thus, not only is *Acres* contrary to the great weight of authority in this country on the specific issue here involved, it was based upon a legal theory which is no longer recognized as valid by this Court. We, therefore, recognize the inevitable and declare that *Acres* is overruled.

We find neither reason nor authority for holding that one who commits murder during the perpetration of a felony named in the T.C.A. § 39–2402(4) cannot or should not be convicted and punished for both the offense of murder in the first degree and for the named felony. Nothing in the statutory definitions of murder in the

first degree and of the felonies listed in T.C.A. § 39–2402(4) indicates a legislative intent that conviction and punishment for both offenses should not be permitted. Moreover, we agree with the holding in each of the cases from our sister states, *supra*, that the felony during the perpetration of which a murder is committed is neither the same offense as murder in the first degree nor a lesser offense included within that charge; hence, to permit convictions and punishments for both murder in the first degree and the other felony to stand in no way offends the constitutional protection from double jeopardy.

■ The judgment of the Court of Criminal Appeals reversing the conviction of each defendant of the offense of armed robbery and dismissing the indictments charging armed robbery is reversed and the robbery charges are remanded to the trial court for a new trial; the judgment of the Court of Criminal Appeals reversing the convictions for murder in the first degree and the remanding of the murder charges to the trial court for a new trial, as to each defendant, is affirmed. Costs incurred in this Court are taxed against the defendants.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.