Hugh L. BRIGGS et al., Petitioners,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Oct. 10, 1978.

Edward G. Thompson, Public Defender, Walker Gwinn, Chief App. Counsel, Memphis, for petitioner, Briggs.

Stanley Fink, Cassell & Fink, Memphis, for petitioner, Taylor.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Leonard T. Lafferty, Jewitt H. Miller, Asst. Dist. Attys. Gen., for respondent.

## OPINION

HENRY, Chief Justice.

We granted certiorari to consider the question of whether convictions for felony-murder and the underlying felony may stand under the Double Jeopardy Clauses of the Fifth Amendment to the Constitution of the United States and Article I, Section 10, of the Constitution of the State of Tennessee. We conclude that they may not.

### I.

*History of Case*

Petitioners were convicted of felony-murder under § 39–2402(4), T.C.A., and of armed robbery under § 39–3901, T.C.A. On their initial appeal, the Court of Criminal Appeals, relying upon *Acres v. State*, 484 S.W.2d 534 (Tenn.1972), reversed their conviction for murder, remanded for a new trial and dismissed the armed robbery on double jeopardy grounds. We granted certiorari and, in *State v. Briggs*, 533 S.W.2d 290 (Tenn.1976), reinstated the robbery charge and overruled *Acres.*

On remand, the petitioners were again convicted of felony murder and armed robbery. The jury verdict was rendered on July 1, 1976. On June 29, 1977, the Supreme Court handed down its opinion in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). It was this decision that prompted the grant of the writ in this case.

## II.

### Harris v. Oklahoma

In *Harris v. Oklahoma*, the Supreme Court reversed the decision of the Oklahoma Court of Criminal Appeals (Oklahoma's court of last resort in criminal actions) announced in *Harris v. State*, 555 P.2d 76 (Okl.Cr.1976).

Harris was initially convicted of felony-murder. Subsequently he was brought to trial for the underlying felony, robbery with firearms. The trial judge overruled his motion to dismiss grounded upon double jeopardy. Reference to our decision in *Briggs, supra*, will indicate that the factual situations in the two cases were strikingly similar. In holding that "an individual may be separately prosecuted and convicted for felony murder and the underlying felony which is the basis for the felony murder," 555 P.2d at 81, the very first case cited by the Oklahoma Court is *Briggs*.

When *Harris* reached the Supreme Court of the United States, the Oklahoma Court was reversed. The Court said:

> When, as here, conviction for a greater crime, murder, cannot be had without conviction for the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction for the greater one. 433 U.S. at 682, 97 S.Ct. at 2912, 53 L.Ed.2d at 1056.

Under our statutory law (§ 39–2402(4), T.C.A.) as it existed at the time of the commission of the offenses here under consideration, first degree murder was accomplished, among other ways, "a willful, deliberate, malicious and *premeditated* killing" or by "willful, deliberate and malicious killing or murder during the perpetration" of certain enumerated felonies.[1] The latter is felony-murder and the ingredient of premeditation is not required.

Thus, *Harris v. Oklahoma* demands a reversal of this conviction to the extent of the conviction for the underlying felony.

1. Chapter 51, Public Acts of 1977, made no change pertinent to the issue here under discussion.

## III.

### May These Convictions be Referred to the Count Charging First Degree Murder

We respond to the captioned question in the negative.

We read *Harris v. Oklahoma* as applying solely to felony-murder convictions; and, if other tests are met the commission of first degree murder and robbery, even though occurring as a part of a single criminal episode, may form the basis for dual convictions. See *State v. Black*, 524 S.W.2d 913 (Tenn.1975).

It is a part of our criminal law that "[a] general verdict of guilty will be sustained if there is any one good count in the indictment sustained by proof, although the other counts may be fatally defective."[2] § 40–2519, T.C.A. In order to invoke this statute, there must be a *general* verdict.

First we examine the indictment. Petitioners were charged in a three-count indictment. The first count charged felony-murder; the second count charged common law murder (or murder as defined in § 39–2402(1), T.C.A.); and the third charged armed robbery.

*Assuming a sufficiency of evidence*, a general verdict properly may be related to the second count with the result that the conviction could be upheld for first degree murder and armed robbery. This would preclude any double jeopardy problems.

Under this record, however, the conviction may not be so related. The bill of exceptions shows that the "Forelady" of the jury reported the verdict as follows:

> We, the jury find the defendants . . . guilty of *murder in the perpetration of a robbery* as charged in the first count of the indictment. . . . (Emphasis supplied).[3]

This verdict speaks loudly and clearly and may not be related to the second count charging common law murder.

2. See *Peek v. State*, 213 Tenn. 323, 375 S.W.2d 863 (1964).

3. The judgment as entered is identical.

Moreover, "[t]he settled law of this State is that a special verdict upon a single count of indictment is given the effect of an acquittal upon the other counts to which the jury did not respond . . . ." *Conner v. State*, 531 S.W.2d 119, 126 (Tenn.Cr. App.1975).

Thus, the jury by failing to respond to the second count of the indictment, found the petitioners not guilty of murder in the first degree, as specified in the indictment and under § 39–2402(1), T.C.A., leaving the conviction solely for felony-murder with the premeditation being supplied by the fact that the killing was in the perpetration of a named felony.

Again, *Harris v. Oklahoma* commands a reversal.

We hold that dual convictions of felony-murder and the underlying felony are offensive to the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Tennessee and may not stand.

The conviction of petitioners for armed robbery is vacated. The judgment of the Court of Criminal Appeals is

Affirmed as to first degree murder; reversed as to armed robbery.

FONES, COOPER, and HARBISON, JJ., and QUICK, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

HENRY, Chief Justice.

In a courteous and dignified petition to rehear, petitioner suggests that the Court overlooked the assignments of error contained in the original petition.

While the grant was not specifically limited, the Court was only concerned with the double jeopardy issue. As to all other issues the Court was of the opinion that the Court of Criminal Appeals reached the correct results.

The petition to rehear is overruled.

FONES, COOPER, BROCK and HARBISON, JJ., concur.