**STATE of Tennessee, Appellee,**

v.

**Eddie DIXON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 3, 1983.

Permission to Appeal Denied by the Supreme Court May 9, 1983.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Lynn W. Brown, Asst. Dist. Atty. Gen., Johnson City, for appellee.

Howard Dunbar, Johnson City, for appellant.

## OPINION

CORNELIUS, Judge.

Eddie Dixon was convicted of robbery by use of a deadly weapon and was sentenced to serve fifteen (15) years in the State Penitentiary. Aggrieved by the judgment of the trial court, he now appeals as of right to this court.

In his first issue, appellant contends that the trial court set excessive bail for his pretrial release and that he was denied a speedy trial. Appellant has failed to argue this issue in his brief, however. Rule 27(a)(7), T.R.A.P., requires that a brief contain:

> An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on
>
> . . . .

Appellant's first issue has been waived by his failure to comply with Rule 27(a)(7).

Appellant next argues that the victim's in-court identification of him was tainted by "a one-on-one show up" at his preliminary hearing. The robbery victim, Patsy Ellis, testified at trial that she attended the preliminary hearing in the case exactly three (3) weeks after the armed robbery. Prior to that time, she had not seen photographs of Dixon nor had she viewed him in a lineup or been furnished with a description of him by the police. Nevertheless, when he was brought, unhandcuffed, into the room with a number of other young men, Ms. Ellis immediately recognized ap-

pellant as the robber. Dixon claims this procedure was so impermissibly suggestive "as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Forbes v. State,* 559 S.W.2d 318, 322 (Tenn. 1977).

■ In *State v. Joseph Lewis Coleman,* Tenn.Crim.App., opinion filed at Jackson, March 4, 1982, this Court held that an observation of the defendant by the victim cannot be termed a "show-up" unless it was arranged by the police. Since there is no evidence in the present case that the police arranged to stage a confrontation between the appellant and the victim, the identification resulting from the observation was not induced by an inherently suggestive showup.

■ The circumstances under which Ms. Ellis identified appellant at the preliminary hearing, however, could not eliminate the possibility that the confrontation was, in some manner, suggestive. When suggestiveness is possible, due process requires an additional evaluation of the evidence. In *Bennett v. State,* 530 S.W.2d 511, 514 (Tenn.1975), the Tennessee Supreme Court adopted the five factors listed in *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), to determine whether the identification process created a "very substantial likelihood of irreparable misidentification." We have examined "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation (preliminary hearing), and the length of time between the crime and the confrontation (preliminary hearing)." We find no due process violation in allowing admission of Patsy Ellis' in-court identification of appellant. This issue is meritless.

■ Appellant's third issue alleges that the trial court erred in allowing the State to cross-examine Dixon concerning "bad acts" committed by him while a juvenile. We find merit to this contention.

Juveniles have been afforded special protection by our state legislature. T.C.A. § 37–233(b) provides:

"The disposition of a child *and evidence adduced in a hearing in juvenile court* may not be used against him in any proceeding in any court other than a juvenile court, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a pre-sentence investigation and report." (Emphasis added.)

This statutory provision was limited somewhat by court decisional law in *State v. Butler,* 626 S.W.2d 6 (Tenn.1981). In *Butler,* the Tennessee Supreme Court, citing *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), instructed, "It should be borne in mind, however, that the state's voiced policy of protecting a juvenile offender is not sacrosanct, but must give way where proof of a prior juvenile adjudication is material to show bias, prejudice or ulterior motive on the part of the witness." *State v. Butler,* supra, at 10. The Court then adopted F.R.E. 609(d):

Evidence of juvenile adjudications is generally not admissible under this Rule. The Court may, however, allow evidence of a juvenile adjudication of a witness *other than the accused* if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission of the evidence is necessary for a fair determination of the issue of guilt or innocence. (Emphasis added).

*Id.*

In its brief, the State attempts to distinguish the instant case from *Butler* and other cases referring to evidence of juvenile *adjudications* rather than evidence of *prior bad acts* committed by the witness. According to the State, appellant could be questioned about "bad acts" committed as a juvenile. The State insists that such examination is permitted by F.R.E. 608(b) which was adopted in Tennessee by the decision in

*State v. Morgan,* 541 S.W.2d 385, 388 (Tenn. 1976):

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
>
> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

The State's position is untenable for a number of reasons. First, not permitting evidence of juvenile delinquency adjudications but permitting evidence of the acts underlying the adjudication allows the State to do indirectly what it cannot do directly. Such an "end run" around the principle of F.R.E. 609(d) should not be tolerated. Second, the decision in *State v. Butler,* supra, did not abrogate completely the authority of T.C.A. § 37–233(b). The statute was limited only as much as constitutionally required to allow the accused the right to confront the witnesses called by the prosecution. In all other respects, § 37–233(b) retains its vitality. Third, prior case law holds that it is error to permit the District Attorney to question the defendant "about his *prior bad acts of misconduct as a juvenile* and about Juvenile Court proceedings." (Emphasis added). See, *Acres v. State,* 484 S.W.2d 534, 537 (Tenn.1972) (overruled on other grounds by *State v. Briggs,* 533 S.W.2d 290, 292 (Tenn.1976); *Cross v. State,* 540 S.W.2d 289, 291 (Tenn. Cr.App.1976).

■ The error in allowing the State to question appellant concerning prior juvenile bad acts is harmless. The evidence of appellant's guilt is overwhelming. (See the discussion of the evidence on pp. 52–53, infra.) Moreover, the error did not affect the sentence imposed upon Dixon. Robbery by use of a deadly weapon is punishable by imprisonment for life or for any period of time not less than ten (10) years. T.C.A. § 39–2–501(a). The State recommended a sentence in the range of twenty (20) to thirty (30) years. The imposed sentence of fifteen (15) years is less than the State's recommendation and is at the lower end of the range of punishments available for the offense. The error did not affect the judgment or result in prejudice to the judicial process. Rule 36(b), T.R.A.P.

■ Appellant next contends that the trial judge erred in not allowing him to present evidence of the prior juvenile bad acts of prosecution witness Yancy Fernandes. Prior to trial, the trial judge stated he would consider the admissibility of prior bad acts of the witness in a jury-out hearing during the trial when an offer of proof of such bad acts was made. Appellant, however, never presented evidence to the trial court that Fernandes had ever committed any prior acts of misconduct. This issue is waived. Rule 36(a), T.R.A.P.

■ In his final issue on appeal, Dixon challenges the sufficiency of the convicting evidence. At trial, Patsy Ellis testified that she owned the Mountaineer Package Store in Johnson City, Tennessee. At approximately 10:50 p.m. on April 23, 1981, a young man entered the well lighted store, pointed a pistol in her face, and demanded money from the cash register. The man, wearing a blue and white checked shirt, a red bandana, light colored sunglasses, and brown round-toed shoes, stuffed approximately four hundred dollars ($400.00) into his shirt and fled up Elm Street in the direction of the Jiffy Market. The episode lasted approximately five minutes. Ms. Ellis further stated she was positive that appellant Dixon was the man who robbed her on April 23, 1981.

 

Yancy Fernandes testified he picked up appellant in his cab at the Jiffy Market at 11:33 p.m. on April 23, 1981. While driving Dixon to the Meadow Brook trailer park, Fernandes was told by appellant that he (Dixon) had just robbed the Mountaineer Package Store and that he was the "phantom burglar" of Johnson City. The cab arrived at Lot 57 at Meadow Brook at 11:52 p.m. at which time appellant paid his fare of $7.50 by giving Fernandes twenty dollars ($20.00) with instructions to keep the change. Later, a red bandana was found under the passenger seat of the cab driven by the witness.

Karen McKay, a neighbor of appellant, stated Dixon knocked on her door between 11:30 p.m. and midnight on April 23, 1981, and asked for her boyfriend, Richard Jenkins. While waiting for Jenkins to return from an errand, appellant told Ms. McKay that he had robbed the store.

Another resident of the trailer park, Robin Green, testified that sometime after the robbery, appellant and his wife were visiting in Ms. Green's yard with her. When the police came to the trailer, appellant jumped up, instructed her to tell the officers he was gone, and ran through her trailer. Ms. Green also stated that a number of individuals living in the trailer park knew that appellant was being sought by the police in connection with a robbery.

Appellant testified in his own defense. He stated he did not rob the Mountaineer Package Store and that he did not even own a pistol or a red bandana. Dixon claimed that he had spent the evening of April 23, 1981, at his grandmother's house in Asbury before deciding to hitchhike and walk home. Eventually, he called a cab from the Jiffy Market and arrived home after smoking five (5) joints of marijuana, some laced with angel dust (PCP), with the cab driver.

The jury evaluated the proof adduced at trial and found Eddie Dixon guilty of robbery with a deadly weapon. A jury verdict of guilty, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the theory of the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). There is ample proof to justify a rational trier of fact in finding appellant guilty of robbery by use of a deadly weapon beyond a reasonable doubt. Rule 13(e), T.R.A.P.; *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). This issue is meritless.

Finding no reversible error in the record, we affirm the judgment of the trial court.

DWYER and SCOTT, JJ., concur.