# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 13, 2004

## CHARLES GODSBY, JR. v. RICKEY BELL, and the STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3434    Steve Dozier, Judge**

---

**No. M2003-03088-CCA-R3-HC - Filed November 24, 2004**

---

The petitioner appeals the dismissal of his petition for writ of *habeas corpus*, in which he contends that: (1) the State cannot maintain convictions on both murder and robbery when the murder was committed in the act of robbery; (2) the court lacked jurisdiction to sentence him because he did not plead to the charge of attempted second degree murder; and (3) the court erred in dismissing his petition without first appointing him counsel. After careful review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Charles Godsby, Jr., Nashville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In 1994, the petitioner, Charles Godsby, Jr., was convicted of first degree murder, especially aggravated robbery, and attempted second degree murder. He was sentenced to life imprisonment on the first degree murder charge, and fifteen years on the especially aggravated robbery charge, consecutive with the life sentence. The defendant was also sentenced to twelve years on the attempted second degree murder charge, concurrent to the sentence for especially aggravated robbery. In October 2003, the petitioner filed a petition for writ of *habeas corpus*, which was summarily denied by the trial court for failure to state an appropriate ground for

*habeas* relief. The defendant now appeals, presenting three issues for our review. First, the petitioner argues, pursuant to the "same transaction rule," that he should not have been convicted of both first degree murder and robbery because the murder was committed in the act of robbery. Next, he contends the trial court was without jurisdiction to sentence him because he did not plead to the attempted second degree murder charge. Finally, the petitioner avers that the court erred in dismissing his *habeas* petition without first appointing him counsel.

The State avers on appeal that the issues presented by the petitioner are not cognizable in a petition for *habeas corpus*.

## Analysis

The grounds upon which *habeas corpus* relief can be sought are decidedly narrow; relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant or when a defendant's sentence has expired and the defendant is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Further, a sentence in direct contravention of a statute is illegal and void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)). Finally, a judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)).

The petitioner first contends that the State cannot maintain convictions for both first degree murder and robbery when the murder was committed in the act of robbery. He relies wholly on Acres v. State, 484 S.W.2d 534 (Tenn. 1972), a case whose holding has been severely limited by our supreme court. See State v. Black, 524 S.W.2d 913 (Tenn. 1975). However, it is not necessary to reach the merits of this argument because it is beyond the face of the record and is therefore not an appropriate subject for *habeas* relief. Moreover, by entering a plea of guilty, the petitioner admitted all facts and elements necessary to sustain the convictions and waived all other non-jurisdictional defects or constitutional irregularities that might be present therein. State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002). Therefore, we find no error on this ground.

Next, the petitioner avers that the sentencing court was without jurisdiction to sentence him because he did not plead to the charge of attempted second degree murder. However, the record and, in particular, the judgment on the pertinent charge reveal otherwise. The face of the judgment is clearly marked to indicate that the petitioner pled guilty to second degree murder and that he received a twelve-year sentence, concurrent with the fifteen-year sentence for especially aggravated robbery. Moreover, the judgment was subscribed by the petitioner's counsel and dated December 13, 1994, the date all judgments in the matter were signed and filed. Therefore, contrary to the petitioner's argument, nothing appears in the record indicating that the court lacked jurisdiction to issue the sentences in the present case; rather, the judgment indicates that a proper guilty plea was entered by the petitioner and acknowledged by his

counsel. Thus, we find no error in the trial court's denial of *habeas* relief on this ground.

Finally, the petitioner contends that the trial court erred by summarily dismissing his petition without appointment of counsel. While there is no federal or state constitutional right to appointment of counsel in a *habeas corpus* proceedings, the trial court has a duty to appoint counsel "if necessary." See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 549 (Tenn. Crim. App., Nashville, June 28, 2002) (citing Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); Tenn. Code Ann. § 40-14-204 (2004)). If the petitioner's judgments are facially valid and not void, the trial court may properly dismiss a petition for writ of *habeas corpus* without appointing counsel and without holding an evidentiary hearing. State v. Lavondas Cordell Nelson, No. M2003-01525-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 1101, at *6 (Tenn. Crim. App., Nashville, Dec. 30, 2003); see also State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967), which provides that a *habeas corpus* petition may be dismissed without a hearing and without the appointment of counsel if the petition fails to alleges facts that would justify relief. In the instant matter, the trial court's actions were justified because the petitioner did not allege any facts that justified *habeas corpus* relief. Therefore, we affirm the trial court's denial of *habeas* relief.

**Conclusion**

Based on the foregoing and the record as a whole, the trial court's dismissal of the *habeas* petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE