**Rufus Lee CROSS, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 9, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

Steven E. Lane, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Herbert S. Moncier and John W. Gill, Jr., Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

## OPINION

GALBREATH, Judge.

Plaintiff in error has perfected this appeal from his conviction in the Criminal Court of Knox County of armed robbery and the resulting sentence of 30 years in the penitentiary.

Only two assignments of error have been alleged on this appeal. The first challenges the use of a photograph or mug shot of the defendant for identification purposes.

Inasmuch as the seventeen year old defendant was positively identified by the victim who testified he had known the boy and his people for years as the young black male who robbed him at pistol point, any error as to permitting a nearby witness to identify the defendant after viewing his photograph under rather suggestive circumstances is rendered harmless. Although the witness identified the defendant from a number of pictures of black young men shown him on the day of trial, the defendant was the only one shown wearing his hair in the distinctive way the bandit did.

The victim and the other eyewitness testified the assault was made in broad daylight by a young black male with his hair in plaits, or pigtails. While the victim, as aforesaid, knew the defendant from previous associations, the other witness did not, and due to the drastic change in the appearance he could not positively say the defendant was the person he saw commit the crime until after he was shown a picture of Rufus Lee Cross in pigtails.

We feel that under the circumstances the identification procedure was proper. When a defendant drastically alters his physical appearance either at the time of the crime or later so as to make his identification more difficult, then it is permissible to permit the witnesses to view the defendant as he looked at the time of the crime if this is practical. Thus, one who was wearing a hat at the time he was seen committing a crime may be required to wear the hat in the courtroom in order that a witness may view him as he looked at the time the crime was committed. See *Barrett v. State*, 190 Tenn. 366, 229 S.W.2d 516.

As noted in *Bennett v. State*, 530 S.W.2d 511 (Tenn.1975), the admissibility of identification evidence based on photographs depends on the totality of circumstances. While it would have been better if one or more of the other young men in the photographs shown the witness had been wearing the same type hair style as that of the defendant, we cannot say, particularly in view of the untainted and positive identification of the victim, that any possible impropriety was harmful.

We cannot view the matters complained of in the second assignment of error as harmless. It relates to the admission on cross-examination of defendant of the prior crimes committed while a juvenile. Defendant was still only 17 when bound over by juvenile court for treatment as an adult on this offense. The admission of proof of other crimes is itself an exception to the general rule of evidence and has been strictly limited other than for impeachment to unusual circumstances giving rise to relevancy in spite of the inherent prejudice. See *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523. The acts of a juvenile consti-

tute an exception to the above exception. This exception is embodied in both statute and court decision:

T.C.A. § 37–233 provides:

"(a) An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

"(b) The disposition of a child *and evidence adduced in a hearing in juvenile court* may not be used against him in any proceeding in any court other than a juvenile court, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report.

The Supreme Court held in *Acres v. State*, 484 S.W.2d 534 (Tenn.1972):

"The District Attorney was permitted to ask the defendant Acres about his prior acts of misconduct as a juvenile and about Juvenile Court proceedings. This was error and should not have been permitted, because on trial was a sixteen year old youth who, under the law, is clothed with innocence insofar as his juvenile record is concerned, and to allow the State to penetrate that armor of innocence which is thrown about him by Statute in a case of this nature is in our opinion clearly error and violative of the defendant's rights.

\*　　\*　　\*　　\*　　\*　　\*

". . . to permit it would allow the State to reveal the juvenile record and the indiscretions of youth of a defendant on trial for his life. It would then be reasonable to assume that anyone who has committed a youthful indiscretion would hesitate to go on the witness stand in his own behalf, lest the revelation of the indiscretion might prejudice some juror or jurors against him."

Therefore, the admission of evidence of these prior acts by the defendant was reversible error. While the proof of guilt was substantial, the defendant did present evidence of an alibi; and we cannot say beyond a reasonable doubt that the proof of the rather long and serious delinquencies did not affect the jury's verdict as to the degree of guilt as it quite probably did on the issue of punishment.

Reversed and remanded.

DWYER, J., and SAM LEWIS, Special Judge, concur.