**STATE of Tennessee, Appellee,**

v.

**Jerome McGHEE, Appellant.**

Supreme Court of Tennessee, at Nashville.

Feb. 22, 1988.

 

William P. Purcell, III, Nashville, for appellant.

Kenneth J. Ries, Paul J. Morrow, Jr., Tenn. Ass'n of Crim. Defense Lawyers, Nashville, Tenn., amicus curiae for the Tennessee Ass'n of Criminal Defense Lawyers.

W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HARBISON, Chief Justice.

Appellant was convicted of two counts of armed robbery and received a sentence of twenty years in the state penitentiary on each count, the sentences to be served consecutively.

The Court of Criminal Appeals affirmed. Because the case presents a recurring question of criminal procedure, we granted review.

Although appellant has presented a number of other issues, we find that all of them were correctly dealt with by the Court of Criminal Appeals, and we affirm its decision. Appellant was apprehended shortly after 5 a.m. on October 22, 1983, a few minutes after two employees of a fast-food restaurant had been robbed in a parking lot adjacent to their place of employment. Questions of identification were raised, but in our opinion these were properly dealt with by the courts below. There was clearly a jury issue presented, and the evidence was legally sufficient to support the conviction.

The procedural question raised in the case involves the efficacy of a motion *in limine* to preserve issues for subsequent appellate review. Through such a motion appellant objected to the use of a prior conviction on cross-examination if he should elect to take the stand at trial. It is his contention that the overruling of such an objection should be deemed in all cases to preserve the issue for appellate review without the necessity of further objection to the evidence when offered at trial. Indeed, it is the insistence of appellant that he is free to offer the evidence himself on

direct examination, if desired, in advance of cross-examination by the state, without waiving the alleged error of the trial judge in overruling the motion *in limine.* The Tennessee Association of Criminal Defense Lawyers, by amicus curiae brief, has recommended that the Court adopt such a rule of practice.

The Court held in *State v. Martin,* 642 S.W.2d 720 (Tenn.1982), that a hard and fast rule could not be laid down to require that a preliminary ruling be made in all cases. We are constrained to reach the same result with respect to the issue of requiring further objection when such a ruling is made. In *Martin* it was urged that an accused was entitled as a matter of right in all circumstances to demand that the trial judge rule on the admissibility of prior convictions before the accused elected to testify. The Court held that no such inflexible rule could be prescribed. The Court concluded that the decision to make a preliminary ruling must rest in the discretion of the trial judge and could not be demanded as a matter of right in every case. The reasons for leaving the issue to the discretion of the trial judge were discussed at length in that case and need not be repeated here. Advance rulings, of course, were not discouraged or prohibited, but the circumstances under which an advance ruling is requested are often so preliminary or tentative that a mandatory rule was not deemed to be practicable.

■ In the earlier case of *Goines v. State,* 572 S.W.2d 644 (Tenn.1978), the Court held that the action of a trial judge in overruling a pre-trial motion to suppress evidence was sufficiently clear and definitive under the circumstances of that case that a further objection to the testimony when offered at trial was not necessary. The Court stated that a trial objection would have been preferable but, nevertheless, stated:

> "The test must be whether the issue was fairly raised, or phrasing it another way, whether the trial judge was fairly apprised of petitioner's objection or given a reasonable opportunity to consider the matter. [Citation omitted]

> "It would be manifestly unjust to apply the waiver rule in this case where the petitioner, in advance of trial, fairly apprised the Court of the substance of his objection to the testimony and where on motion for a new trial the Court was again apprised of the petitioner's contentions.

> "Making a motion to suppress or objecting to the testimony after the trial judge had overruled petitioner's motion and held that there was probable cause for the arrest, would have been an idle ceremony and a useless gesture. The courts do not demand that counsel engage in futile efforts. The trial judge had ruled; the question had been resolved; there was nothing left to decide. Further effort would have been argumentative, repetitious and foredoomed to certain failure." 572 S.W.2d at 649.

We adhere to the decision in that case where the record on a pretrial suppression motion or on a motion *in limine* clearly presents an evidentiary question and where the trial judge has clearly and definitively ruled.

In many instances, however, including the present case, issues are only tentatively suggested or the record only partially and incompletely developed in connection with a motion *in limine.* Counsel necessarily take some calculated risks in not renewing objections in such cases.

■ In the instant case the Court of Criminal Appeals held that the motion *in limine* did not sufficiently preserve the issue, and in our opinion this ruling was clearly correct.

The entire motion *in limine* was extremely brief. One motion *in limine,* not at issue here, was denied after oral discussion. The entire proceedings urged to preserve the issue here were as follows:

> "THE COURT: All right, any other motions that we have to take up?

> "MR. CONNERS: Yes, Your Honor, one more. That—another motion *in limine* that the defendant, if he decides to testify in this case, that he not be impeached

by his prior conviction, which is an armed robbery conviction.

"THE COURT: All right, we will have a Morgan hearing on that issue. I think that that is what Morgan versus State requires, that prior to the defendant being impeached by any prior conviction, it is required that a pre-Morgan hearing be had on his testimony. I suppose since it is an armed robbery conviction, if he is called to testify then we will have a Morgan hearing prior to any testimony being given."

No objection was taken to this action, and in fact a subsequent jury-out hearing was held in compliance with the procedure prescribed in *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976).

Obviously this motion *in limine* did not precisely delineate or sufficiently present the issue of the prior conviction. Under these circumstances to hold that the defendant was not later required to make some sort of objection to the testimony would be wholly unwarranted.

■ At the subsequent jury-out hearing the issue was developed. The trial judge held the conviction admissible and made a clear and definitive ruling. The accused then took the stand, and his counsel brought out the conviction on direct examination without waiting for it to be introduced on cross-examination by the State.

The Court of Criminal Appeals held that appellant had waived the issue of the trial judge's ruling by proceeding in this fashion. In this particular case and on this record we are of the opinion that the Court of Criminal Appeals was in error. The trial judge had clearly ruled that the prior conviction was admissible. In our opinion it was not necessary for counsel further to object to that ruling. After the ruling had been made, clearly and unequivocally, in our opinion the issue was sufficiently preserved for further review on appeal without the making of any further objection.[1] Of course, had the appellant not brought out the conviction on direct examination,

the State might not have pursued the matter on cross-examination. The admissibility of the conviction, however, had been determined; and the correctness of that ruling had been preserved as an issue.

■ The holding of waiver by the Court of Criminal Appeals, however, was only an alternative ruling. The Court examined the merits of the decision by the trial judge in depth and concluded that if error had been committed in the ruling, statements made by the accused on direct examination opened the matter for further cross-examination to the extent that the evidence became admissible.

We have examined the issue carefully. In our opinion no error was made by the trial judge. The accused sought to prevent the State from introducing evidence of a previous armed-robbery conviction to which he admitted. He contended that he was a juvenile at the time of commission of the offense and that impeachment by reference to juvenile proceedings was improper.

The record with respect to the prior conviction is quite sketchy, and no actual documents were introduced by either side. It clearly appears, however, that the conviction was not in connection with proceedings in any juvenile court. The appellant was tried after he reached majority and was convicted as an adult for the felony of armed robbery. His reliance upon *Acres v. State,* 484 S.W.2d 534, 537 (Tenn.1972), is, therefore, misplaced. That case involved cross-examination concerning "prior acts of misconduct as a juvenile and about Juvenile Court proceedings." *Id.* at 537.

To the extent that the Court of Criminal Appeals may have interpreted *Acres* in *Cross v. State,* 540 S.W.2d 289 (Tenn.Crim. App.1976), to prohibit proof of final conviction as an adult, the latter decision must be regarded as erroneous. The nature of the cross-examination in *Cross* is unclear from the opinion. The statute cited by the Court

---

1. The issue, of course, was presented in the motion for new trial after verdict as required by

T.R.A.P., Rule 3(e) in jury cases.

of Criminal Appeals in that case[2] clearly dealt with dispositions or adjudications in a juvenile court, not in a regular criminal court where a felony conviction as an adult resulted.

The Court has received thorough briefs from counsel and from amicus curiae. There is a substantial division of authority among the states and in the federal courts as to whether further objection is required at trial following the overruling of a motion *in limine*. For a collection of authorities *see* Annot., 76 A.L.R.Fed. 619 (1986). This Court is of the opinion that ordinarily a contemporaneous objection at trial should be made, and this is clearly the preferred procedure for preserving error.

In the present case the motion *in limine* did not and could not have preserved any issue at all. The only action taken by the trial judge was to defer ruling until a jury-out hearing. Following that hearing a sufficiently definitive ruling was made that, in our opinion, further objection was not required.

It is perhaps regrettable that a universal rule to cover all cases cannot be made, but certainly the present case is not a vehicle for doing so. The circumstances and questions upon which trial judges are asked to rule preliminarily are so varied and often so underdeveloped that the only method by which counsel can assure that issues are properly preserved for appeal is to make a contemporaneous objection. Some risks are always incurred when this is not done.

As stated in *Goines v. State, supra,* this Court is not inclined to require counsel to make technical, argumentative or repetitious objections to issues which have already been ruled upon. Beyond that determination we do not believe it is feasible to state a general rule. Even after a preliminary ruling, evidence may be offered or issues developed which make the earlier ruling no longer apposite or which make the excluded testimony admissible for other reasons.

In the last analysis the necessity of a contemporaneous objection must be determined case by case in light of the record developed in connection with the preliminary ruling.

The judgment of the Court of Criminal Appeals is affirmed at the cost of appellant.

FONES, COOPER and DROWOTA, JJ., and TODD, Special Justice, concur.