**STATE of Tennessee, Appellee,**

v.

**Anthony Lee McAFEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 8, 1989.

W. Holt Smith, Madisonville, for appellant.

Linda Ann Hammond, Asst. Atty. Gen., Nashville, Robert M. Reeves, Asst. Atty. Gen., Madisonville, for appellee.

## OPINION

REID, Judge.

This case presents an appeal as of right from a conviction of first degree murder and robbery.

Appellant assigns for review the sufficiency of the evidence, admission of prior convictions, admission of photographs and jury conduct.

The record does not show reversible error.

## SUFFICIENCY OF THE EVIDENCE

On appeal a guilty verdict approved by the trial judge accredits the testimony of the witnesses for the State; the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences therefrom; the verdict removes the presumption of innocence and raises a presumption of guilt; and the appellant has the burden of showing that the evidence preponderates against the verdict. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978); *State v. Hatchett,* 560 S.W.2d 627 (Tenn. 1978); *State v. Townsend,* 525 S.W.2d 842 (Tenn.1975); *State v. Grace,* 493 S.W.2d 474 (Tenn.1973); and *Anglin v. State,* 553 S.W.2d 616 (Tenn.Crim.App.1977).

For purposes of appellate review, the record supports the State's proof as to the circumstances of the offense. Appellant, a 19 year old alcohol and drug addict, met the victim, an older recovering addict, at a voluntary narcotics anonymous meeting. As the result of the victim's offer to assist the appellant with his addiction, they became friends and within a few weeks Appellant accepted the victim's invitation to share his residence. In exchange for sexual favors the victim also provided Appellant with a new car, clothes, money and liquor.

The parties soon began having disagreements regarding Appellant's girl friend and the victim's increasing possessiveness, but the relationship continued for several months, until terminated by the homicide, which occurred in a motel room on a trip to Tennessee to visit the victim's mother.

Appellant drank approximately one-half of a fifth of liquor while they traveled from their residence in Georgia to Sweetwater. An argument which had begun en route became more heated. Appellant "pushed" the victim and the victim pushed back. Appellant struck the victim several violent blows to the face. As they wrestled on the bed Appellant choked the victim with a scarf, while the victim "called him names." He continued strangling the victim until "there was blood all over the place" and the victim stopped resisting. Appellant made no effort to get medical help. He cleaned the victim's face, took all their luggage, victim's cash, credit cards and car and returned to Atlanta where he remained at large until arrested by the Georgia police.

■ The record clearly shows the killing was murder. There is no basis for Appellant's contention that his "relationship" with the victim was a reasonable and adequate provocation, reducing the offense to voluntary manslaughter. In describing the relationship which he contends was a provocation, Appellant stated: "And it was really easy, you know. For fifteen minutes of sex, you know, I was having everything I ever wanted".

■ Appellant insists, in the alternative, that he acted "upon a sudden impulse of passion, disconnected from any previously formed design to kill and thus the most he could be guilty of is second degree murder." First degree murder is willful, deliberate, malicious and premeditated. T.C.A. § 39–2–202. The essential distinction between first degree murder and second degree murder is premeditation, the previously formed design or actual intention to kill. *State v. Bullington,* 532 S.W.2d 556 (Tenn. 1976); *Cagle v. State,* 507 S.W.2d 121 (Tenn.Crim.App.1973); and *Taylor v. State,* 506 S.W.2d 175 (Tenn.Crim.App.1973). The Supreme Court held in *Sikes v. State,* 524 S.W.2d 483, 485 (Tenn.1975), "Deliberation and premeditation involve a prior intention or design on the part of the defendant to kill, however short the interval between the plan and its execution." Events and circumstances occurring before, during and after the killing may be relevant to the

issue of premeditation. *State v. Martin*, 702 S.W.2d 560 (Tenn.1985); *Houston v. State*, 593 S.W.2d 267 (Tenn.1980). The appellant's mental state at the moment of the injury is the essential issue. *State v. Bullington, supra.*

In his statement to the police and in his testimony, Appellant described his mental state before, during and after his fatal assault on the victim. He stated that when they arrived at the motel he had in mind "crashing out, going to sleep" but the victim continued complaining about little ways in which Appellant irritated or disappointed him. In describing his feeling immediately prior to the attack on the victim, Appellant stated, "I was his toy. I was his plaything." He stated that he got "mad" "right when" he first attacked the victim but as he strangled the victim for several minutes he was "really, really mad." After the killing, his thoughts were: "There wasn't nobody up here that knew me. Maybe I could just clean the place up ... and leave him there." His intention at that time, according to his testimony, was to leave the scene undetected.

The record does not require a finding that passion rendered Appellant's mind incapable of the cool reflection necessary for first degree murder. *Drye v. State*, 181 Tenn. 637, 184 S.W.2d 10 (1944). There was no specific provocation, no new demands, no physical abuse, no abrasive language, no threat to withhold benefits. Appellant was the aggressor, the victim only resisted. The progressive nature of the assault is clear evidence of a sustained intent to kill the victim. Appellant at first tolerated the victim's carping, he then became aggressive in the argument, he made the first physical contact, the blows became violent and he exerted sustained pressure on the ligature around Victim's neck for several minutes, stopping only when the victim's death was apparent. The appellant became enthusiastic in the course of killing the victim, but strong feelings and excitement can co-exist with premeditation and deliberation. *Brown v. State*, 477 S.W.2d 525 (Tenn.Crim.App.1971). Appellant acknowledged he was aware that he could walk out of the motel room at any

time. The complement to that awareness was the deliberated intention to kill. Appellant's testimony regarding his mental state and the physical evidence are sufficient basis for a finding of premeditation.

The evidence is not insufficient to support the jury's finding of guilty of first degree murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Williams*, 657 S.W.2d 405 (Tenn.1983); and Rule 13(e), T.R.A.P.

## PRIOR CONVICTIONS

■ The court held admissible, on a jury-out hearing, evidence of Appellant's convictions for shoplifting and "theft by taking" in a Georgia court which has jurisdiction of all cases in which persons 17 years and older are charged with misdemeanor offenses. Appellant does not deny that the offenses involve dishonesty or false statement within the meaning of Rule 609(a) of the Federal Rules of Evidence, adopted by the Supreme Court in *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976). (The trial court found that the probative value of admitting evidence of the convictions outweighed its prejudicial effect, even though the weighing is not required under Rule 609(a) if the offense involves dishonesty or false statement.) Appellant contends that since he was 17 and a minor under Tennessee law at the time the offenses were committed the convictions cannot be used to attack his credibility.

In *State v. Butler*, 626 S.W.2d 6 (Tenn. 1981), the Supreme Court adopted Rule 609(d) of the Federal Rules of Evidence, which prohibits the admission into evidence of a defendant's "juvenile adjudications." In *State v. McGhee*, 746 S.W.2d 460 (Tenn. 1988), the Supreme Court held that evidence of convictions in regular criminal courts, as distinguished from juvenile courts, for acts committed prior to the defendant's attaining 18 years of age is admissible. The record shows that Appellant was convicted in a regular criminal court and evidence of those convictions was, in the language of *McGhee, supra* at 463,

"proof of final conviction[s] as an adult." Proof of the prior convictions was admissible.

## ADMISSIBILITY OF PHOTOGRAPHS

■ The Court limited the prosecution to three photographs of the victim taken at the scene of the crime. Appellant asserts that his offer to stipulate the facts shown by the photographs obviated the need for the photographs as evidence and that their probative value was outweighed by prejudice to the accused.

This case is similar to *State v. Banks,* 564 S.W.2d 947 (Tenn.1978), in which the Supreme Court approved Rule 403, Federal Rules of Evidence, which provides that even relevant photographs are inadmissible if the probative value is substantially outweighed by unfair prejudice. The Court set forth several factors to be considered by the trial court in determining admissibility, including their value as evidence, whether they are needed to establish a *prima facie* case and whether, and to what extent, they are "gruesome."

The only seriously contested issue in the case was the degree of murder. The State relied heavily upon the nature and extent of injuries inflicted upon the victim to establish a *prima facie* case of first degree murder. The photographs were not particularly gruesome or shocking. One photograph showed a completely clothed body lying across a bed in a motel room; another, taken from a different perspective, showed that the face was covered with a towel; and the third showed superficial injuries to the victim's face.

The evidence was relevant to the critical issue of premeditation and it was not inflammatory. The record does not show an abuse of discretion in the Court's finding that the probative value of the evidence was not outweighed by unfair prejudice to the appellant. *State v. Moses,* 701 S.W.2d 629 (Tenn.Crim.App.1985).

## JURY CONDUCT

■ The unsolicited statement by a juror to Appellant's counsel after the jury had been discharged that one juror had stated during jury deliberations that on a conviction of first degree murder the accused would serve only six years in prison was not "extraneous prejudicial information" within the meaning of Rule 606(b), Federal Rules of Evidence, adopted by the Supreme Court in *State v. Blackwell,* 664 S.W.2d 686 (Tenn.1984). A juror may not impeach the verdict on the basis of the jury's internal deliberations. *State v. Blackwell, id.; State v. Morgan,* 661 S.W.2d 692 (Tenn. Crim.App.1983).

The judgment of conviction is affirmed.

BYERS and WADE, JJ., concur.