IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2025

**STATE OF TENNESSEE v. DARRYL DESHIELDS**

**Appeal from the Circuit Court for Henderson County**
**No. 20-304-3    Kyle Atkins, Judge**

_____

**No. W2024-01694-CCA-R3-CD**

_____

A Henderson County jury convicted the Defendant, Darryl Deshields, of evading arrest, reckless endangerment, reckless driving, and speeding, and the trial court imposed an effective three-year sentence. On appeal, the Defendant argues that the evidence is legally insufficient to establish his identity as the perpetrator of the crimes beyond a reasonable doubt. He also asserts that the verdict is against the weight of the evidence and that the trial court erred in approving the verdict as thirteenth juror. Finally, the Defendant contends that the trial court improperly admitted hearsay evidence regarding the tip that led investigators to his whereabouts. Upon our review, we respectfully affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgments of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Marty B. McAfee, Memphis, Tennessee, for the appellant, Darryl Deshields.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Jody S. Pickens, District Attorney General; and Chadwick R. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On June 28, 2019, officers with the Lexington Police Department were looking for the Defendant, who had an outstanding warrant. Officer Rocky Scott received a tip that the Defendant would be in the Sandy Park area of town to pick up his two children.

Acting on this information, officers established surveillance near a car wash in that area. Officer Scott and another officer, Officer Jesse Gibson, observed two children matching the description of the Defendant's children and saw them enter a white sedan. The sedan then drove by Officer Gibson, coming within about twenty-three feet of his position. As the sedan passed by him, Officer Gibson observed the driver, who matched the Defendant's driver's license photo. Officer Gibson later testified that it was a clear, sunny day, and the front windows of the Defendant's vehicle were not tinted.

The officers then followed the Defendant until he stopped in the driveway of a home. The officers attempted to approach the Defendant, but he drove away through a grassy area between two homes. The Defendant then fled at a "high rate of speed," forcing the officers to abandon their pursuit. Officer Scott then alerted a third officer, Officer Joseph Barnes, to be on the lookout for a white Chevrolet car with an Illinois license plate.

Officer Barnes received the dispatch and saw a white Chevrolet car with an Illinois license plate drive past him. He pursued the vehicle, activated his emergency equipment, and ordered the driver to stop over his PA system. Despite the officer's instructions, the Defendant accelerated and started weaving in and out of traffic. Officer Barnes then observed a child in the backseat of the vehicle and abandoned the pursuit out of concern for the child's safety.

On December 9, 2020, a Henderson County grand jury indicted the Defendant for felony evading arrest, felony reckless endangerment, reckless driving, and speeding. The trial was held in October 2023, and the State presented the three officers to testify as to the facts above. Officer Gibson unequivocally identified the Defendant as the driver of the white sedan.

At the conclusion of the trial, the jury found the Defendant guilty as charged on all counts. Following a sentencing hearing held on February 21, 2024, the trial court imposed an effective sentence of three years, which it suspended after sixty days in confinement.

On March 1, 2024, the Defendant filed a timely motion for a new trial, arguing that his convictions were not supported by legally sufficient evidence. He also asserted that the trial court erred in denying a motion in limine seeking to exclude as hearsay testimony that the police were informed that he would pick up his children at a specific date and time. The trial court denied the motion in a written order entered on December 3, 2024. The Defendant filed a premature notice of appeal the month before, which we treat as timely pursuant to Tennessee Rule of Appellate Procedure 4(a).

## ANALYSIS

In this appeal, the Defendant raises three issues. First, he argues that the evidence is legally insufficient to establish his identity as the perpetrator of the crimes beyond a reasonable doubt. In a second, but related, claim, he also asserts that the verdict is against the weight of the evidence and that the trial court erred by approving the verdict in its role as thirteenth juror. Finally, the Defendant contends that the trial court improperly admitted hearsay evidence regarding the tip that led investigators to his whereabouts.

We address each of these issues in turn.

### A.  LEGAL SUFFICIENCY OF THE EVIDENCE

In challenging the sufficiency of the evidence, the Defendant argues that the State failed to prove his identity as the driver beyond a reasonable doubt. More specifically, he asserts that Officer Gibson's testimony was uncorroborated and unreliable. The State responds that the officer's identification was sufficient by itself to establish the Defendant's identity beyond a reasonable doubt. We agree with the State.

### 1.  Standard of Appellate Review

"The standard for appellate review of a claim challenging the sufficiency of the State's evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Miller*, 638 S.W.3d 136, 157 (Tenn. 2021) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard of review is "highly deferential" in favor of the jury's verdict. *See State v. Lyons*, 669 S.W.3d 775, 791 (Tenn. 2023). Indeed, when making that determination, the State "is entitled to the strongest legitimate view of the evidence and any reasonable inferences that may be drawn from

it." *State v. Rimmel*, 710 S.W.3d 640, 645 (Tenn. 2025) (citation and internal quotation marks omitted).

To that end, "[w]e do not reweigh the evidence, because questions regarding witness credibility, the weight to be given the evidence, and factual issues raised by the evidence are resolved by the jury as the trier of fact." *State v. Curry*, 705 S.W.3d 176, 183 (Tenn. 2025) (citations omitted). "The standard of review is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (citation and internal quotation marks omitted).

### 2. Identity

The first step in evaluating the legal sufficiency of the evidence is to identify the elements of the offense. *See Rimmel*, 710 S.W.3d at 646. In this case, the Defendant does not challenge any specific element of his convictions except for the element of identity. As such, we limit our review to the single element of identity challenged in this appeal. *State v. Hart*, 676 S.W.3d 103, 108 (Tenn. Crim. App. 2023) (limiting sufficiency review to the particular offense element challenged by the defendant); *State v. Garrens*, No. W2024-00258-CCA-R3-CD, 2025 WL 1307696, at *4 (Tenn. Crim. App. May 6, 2025), *no perm. app. filed*.

In addition to proving the statutory elements of any crime, "[t]he State has the burden of proving the identity of the defendant as the perpetrator beyond a reasonable doubt." *State v. Hardison*, 680 S.W.3d 282, 319 (Tenn. Crim. App. 2023). Indeed, the "[i]dentity of the perpetrator is an essential element of any crime." *State v. Miller*, 638 S.W.3d 136, 158 (Tenn. 2021). "As with any sufficiency analysis, the State is entitled to the strongest legitimate view of the evidence concerning identity contained in the record, as well as all reasonable inferences which may be drawn from the evidence." *Hardison*, 680 S.W.3d at 319.

In this case, Officer Gibson testified that he went to a particular location after receiving information about the Defendant's whereabouts.[1] While there, he observed the

---

[1] The Defendant separately challenges the admissibility of this evidence in another section of his brief, which we address below. Even if the evidence were inadmissible, however, the sufficiency of the evidence "must be examined in light of *all* the evidence presented to the jury, including that which is improperly admitted." *State v. Long*, 45 S.W.3d 611, 619 (Tenn. Crim. App. 2000) (citing *Lockhart v. Nelson*, 488 U.S. 33, 41-42 (1988); *State v. Longstreet*, 619 S.W.2d 97, 100-01 (Tenn. 1981)) (emphasis

Defendant drive past him at close range on a clear day with untinted front windows. He had an unobstructed view of the driver's face, which matched the Defendant's driver's license photo. At trial, Officer Gibson unequivocally identified the Defendant as the driver of the vehicle, and the jury was entitled to credit that testimony. The officer's testimony alone provided legally sufficient proof of identity to support the verdicts. *See State v. Lindsey*, 208 S.W.3d 432, 444 (Tenn. Crim. App. 2006).

Although corroboration was not required, Officer Gibson's account was supported by the testimony of other officers. Officer Scott saw the vehicle pick up two children, followed it to a driveway, and observed the Defendant flee at a high rate of speed. He relayed this information to Officer Barnes and described the car. Minutes later, Officer Barnes encountered the vehicle in the same area, saw a child in the backseat, and attempted a traffic stop. He testified that he saw the driver accelerate, weaving through traffic at high speeds, before he abandoned the pursuit for safety reasons. The repeated sightings of the same vehicle by multiple officers in close succession, together with the observation of at least one child in the car, provided corroborating circumstances that further supported the jury's finding of identity.

Pushing against this conclusion, the Defendant argues that the State failed to prove his identity as the driver because Officer Gibson's identification was uncorroborated and unreliable. He further contends that the absence of physical or forensic evidence left the State without sufficient proof beyond a reasonable doubt. We respectfully disagree.

As we noted above, "questions regarding witness credibility, the weight to be given the evidence, and factual issues raised by the evidence are resolved by the jury as the trier of fact." *Curry*, 705 S.W.3d at 183. Consequently, we will not disturb a jury's finding on identity "unless the inaccuracies or inconsistencies are so improbable or unsatisfactory as to create a reasonable doubt of the appellant's guilt." *State v. Radley*, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999). The record here contains no such improbability. Instead, the Defendant's challenge is simply a request that this court reweigh the evidence and reconsider Officer Gibson's credibility on appeal. We respectfully decline the invitation. *See State v. Byrd*, No. E2023-00274-CCA-R3-CD, 2023 WL 8368224, at *4 (Tenn. Crim. App. Dec. 4, 2023), *perm. app. denied* (Tenn. Apr. 11, 2024).

To the extent the Defendant contends that the proof of identity is not overwhelming, our standard of review does not require it to be. *See Lyons*, 669 S.W.3d at 791. The proper

---

added). As such, although we conclude below that the evidence was properly admitted, the question of its admissibility does not affect our review of the legal sufficiency of the evidence.

inquiry under *Jackson v. Virginia* is only whether the jury's finding "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). Here, Officer Gibson's unequivocal testimony, credited by the jury and supported by other circumstances, satisfies that threshold.

Accordingly, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in its favor, we hold that a rational trier of fact could have found the element of identity proven beyond a reasonable doubt. The Defendant is not entitled to relief.

## B.     APPROVAL OF THE VERDICT AS THIRTEENTH JUROR

In a related issue, the Defendant next argues that the trial court erred by failing to set aside the verdict in its role as thirteenth juror. He contends that the weight of the evidence does not establish his identity and that, as a result, the trial court should not have approved the jury's verdict. The State responds that the accuracy of the trial court's thirteenth-juror determination is not subject to appellate review. We agree with the State.

Tennessee Rule of Criminal Procedure 33(d) authorizes a trial court to grant a new trial after a guilty verdict if it "disagrees with the jury about the weight of the evidence." This rule, which requires the trial court to act as the "thirteenth juror," obligates the trial court to independently evaluate the proof, consider the issues, and determine whether the evidence supports the verdict. *State v. Moats*, 906 S.W.2d 431, 433 (Tenn. 1995). The rule functions as a safeguard against jury error and "may be the only safeguard available against a miscarriage of justice by the jury." *State v. Ellis*, 453 S.W.3d 889, 899 (Tenn. 2015) (citation and internal quotation marks omitted). Because of this role, the trial court's approval of the verdict as the thirteenth juror is a prerequisite to the entry of a valid judgment. *Moats*, 906 S.W.2d at 434.

At the same time, this court has long recognized that the Rules of Appellate Procedure restrict appellate review of a trial court's weighing of the evidence as thirteenth juror. *See State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993); Tenn. R. App. P. 36(a) (providing that "relief may not be granted in contravention of the province of the trier of fact"). Once the trial court fulfills its duty as thirteenth juror, "appellate review is limited to sufficiency of the evidence pursuant to Rule 13(e) of the Rules of Appellate Procedure." *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003); *State v. Farrar*, No. M2023-01440-CCA-R3-CD, 2024 WL 2795848, at *6 (Tenn. Crim. App. May 31, 2024), *perm. app. denied* (Tenn. Dec. 11, 2024). Thus, while this court may remand

for a new trial where the trial court failed to approve of the verdict as thirteenth juror, "it remains the law in this jurisdiction that appellate courts may only affirm the proper exercise of the thirteenth juror function[.]" *State v. Dankworth*, 919 S.W.2d 52, 57 (Tenn. Crim. App. 1995); *Ellis*, 453 S.W.3d at 910 n.12.

In this case, the trial court explicitly approved of the verdict in its role as thirteenth juror. As such, the Defendant's challenge is limited to contesting the sufficiency of the convicting evidence, which we have already addressed. The Defendant is not entitled to relief.

## C. TESTIMONY REGARDING DEFENDANT'S LOCATION

Finally, the Defendant argues that the trial court erred when it permitted Officer Scott to testify regarding information he received that the Defendant would be in the area to pick up his children. Specifically, the Defendant argues that this testimony constituted inadmissible hearsay and violated his constitutional right to confrontation. The State responds that the officer's testimony was not hearsay. It asserts that the evidence was offered to explain how the investigation proceeded, not for the truth of the matter asserted. It also argues that the Defendant waived any issue with respect to the Confrontation Clause. We agree with the State.

### 1. Background

As background for this issue, the Defendant sought a pretrial ruling on whether the State could ask the officers about the tip they received that led them to his location. The Defendant asserted that this testimony would constitute inadmissible hearsay and violate "his right to confront and cross-examine witnesses." The trial court denied the pretrial motion, concluding that the tip was not hearsay because it was not offered for the truth of the matter asserted. Thereafter, Officer Scott testified that he "received some information that a person [he] was looking for was coming into town. That person had a warrant." The officer also explained that he and two other officers went to that area to investigate whether the information was accurate.

### 2. Hearsay Objection

The Defendant first contends that the trial court erred in admitting Officer Scott's testimony concerning a tip he received, arguing that the testimony constituted inadmissible

hearsay. Tennessee Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Our supreme court has explained that three elements must be present for a statement to qualify as hearsay: (1) it must be made out of court; (2) it must constitute an assertion; and (3) it must be offered to prove the truth of the matter asserted. *See State v. McCoy*, 459 S.W.3d 1, 11 (Tenn. 2014). A critical consideration is the purpose for which the statement is introduced. *See State v. Padgett*, No. E2018-00447-CCA-R3-CD, 2019 WL 2233890, at *7 (Tenn. Crim. App. May 23, 2019) ("[A]s a part of our hearsay analysis, we must discern the purpose for which the statement is being offered."), *no perm. app. filed*. If the statement is not offered for the truth of the matter asserted, it does not constitute hearsay in that context, even if it might in another. *See, e.g.*, *State v. Allman*, 712 S.W.3d 467, 545 (Tenn. Crim. App. 2024).

To that end, statements introduced to explain the course of a police investigation are generally not excluded as hearsay. *See, e.g.*, *State v. Brown*, 915 S.W.2d 3, 6 (Tenn. Crim. App. 1995). Our courts have long permitted an officer to testify that he or she went to a specific location because another person reported activity there. Neil P. Cohen, et al., *Tennessee Law of Evidence* § 8.01[7] (7th ed. 2024). The statement in that circumstance is considered nonhearsay because it is admitted only to explain the officer's conduct, not to establish the truth of the third-party report. *Id.*

However, this court has cautioned that such testimony can be misused. Testimony recounting the specific statements of an out-of-court declarant, such as an informant or a victim, under the guise of explaining police conduct "could be the subject of great prosecutorial abuse." *State v. Bowen*, No. W2015-01316-CCA-R3-CD, 2016 WL 6776348, at *3 (Tenn. Crim. App. Nov. 15, 2016), *perm. app. denied* (Tenn. Mar. 9, 2017); *State v. Kilburn*, 782 S.W.2d 199, 204 (Tenn. Crim. App. 1989). In those circumstances, the concern is not hearsay but rather whether the testimony's probative value is substantially outweighed by the danger of unfair prejudice under Tennessee Rule of Evidence 403. *See Bowen*, 2016 WL 6776348, at *3; Tenn. R. Evid. 403.

In this case, Officer Scott testified that he received information directing him to the area where the Defendant was ultimately located. The trial court admitted this testimony not to establish that the information was accurate—that the Defendant would, in fact, be at that location—but to explain why the officers were there in the first place. The relevance of the statement lies in the fact that the officers acted on it; they established surveillance in response to the information, regardless of whether the tip was actually reliable or correct. Because the testimony was admitted solely to show why the officers were present and how the investigation unfolded, its relevance did not depend on the truth of the underlying

assertion and was therefore not hearsay. *See Brown*, 915 S.W.2d at 6. The Defendant is not entitled to relief.

### 3. Confrontation Clause Issue

The Defendant next argues that the information provided to Officer Scott violated the Sixth Amendment's Confrontation Clause. Specifically, he asserts he had no opportunity to cross-examine the person who provided this information to officers. The State asserts that the Defendant has waived this claim on appeal. We agree with the State.

To preserve an issue for appeal, the party should first assert a timely objection in the trial court identifying a specific ground. The party then must later raise that same issue in a timely, written motion for a new trial. Otherwise, the party waives plenary review of the issue. *See State v. Ruiz*, 716 S.W.3d 439, 453 (Tenn. Crim. App. 2024). These principles, of course, apply to claims involving hearsay and alleged violations of the Confrontation Clause. *See State v. Gray*, No. E2022-01000-CCA-R3-CD, 2023 WL 3916272, at *6 (Tenn. Crim. App. June 9, 2023) (citing cases), *perm. app. denied* (Tenn. Nov. 17, 2023).

Two distinct shortcomings prevent plenary review of the Defendant's Confrontation Clause claim. The first concerns the Defendant's trial objections. Although the Defendant mentioned the Confrontation Clause in a pretrial motion in limine, the issue was only tentatively raised. For example, he never argued that the information supplied to Officer Scott was testimonial or that the declarant was available to testify and be subject to cross-examination. *See, e.g.*, *Smith v. Arizona*, 602 U.S. 779, 783 (2024); *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The trial court issued no ruling on that ground, and the Defendant did not make or renew a Confrontation Clause objection when the officers testified at trial.

As we explained in *Gray*, a motion in limine preserves an issue only when it "clearly presents an evidentiary question and [when] the trial judge has clearly and definitively ruled." *Gray*, 2023 WL 3916272, at *6 (citing *State v. McGhee*, 746 S.W.2d 460, 462 (Tenn. 1988)). Consequently, where a Confrontation Clause objection is undeveloped, and the trial court does not issue a clear ruling, a contemporaneous objection at trial is required to preserve the issue for appeal. *Id.* Because the Defendant did not make a Confrontation Clause objection at trial or obtain a ruling from the court on that ground at any time, *Gray* makes clear that the Defendant did not preserve the issue for appellate review.

The second shortcoming is that the Defendant did not raise a Confrontation Clause claim in his motion for a new trial. Although the motion raised a hearsay issue, it mentioned confrontation only in passing and only by reference to the earlier motion in limine. No argument was advanced, either in the motion or at the hearing, as to the merits of any confrontation claim, including whether the statement was testimonial and whether the declarant was available for cross-examination. These omissions are important, as an objection that evidence constitutes inadmissible hearsay does not, by itself, preserve a separate confrontation claim. *See State v. Young*, No. W2020-01173-CCA-R3-CD, 2022 WL 2733689, at *6 (Tenn. Crim. App. July 14, 2022), *no perm. app. filed*; *State v. Clevenger*, No. E2013-00770-CCA-R3-CD, 2014 WL 107984, at *5 (Tenn. Crim. App. Jan. 13, 2014), *no perm. app. filed*. As such, because the Defendant did not properly raise a Confrontation Clause issue in his motion for a new trial, plenary review is foreclosed for this reason as well.

Because the Defendant has waived plenary review of this issue, his only potential avenue for relief would be through the plain error doctrine. *See State v. Dotson*, 450 S.W.3d 1, 54 (Tenn. 2014). To invoke plain error review, however, a party "must generally raise and argue the issue in the party's briefing, just as the party would do with all other issues in the ordinary course of an appeal." *Ruiz*, 716 S.W.3d at 453. Here, the Defendant has neither requested plain error review nor analyzed the factors necessary to obtain such relief. *See State v. Enix*, 653 S.W.3d 692, 701 (Tenn. 2022) (identifying plain error factors). In the absence of such a request, therefore, we respectfully decline to address the issue sua sponte. *See, e.g.*, *State v. Gardner*, 716 S.W.3d 388, 417 (Tenn. Crim. App. 2024). Accordingly, the Defendant is not entitled to relief.

## CONCLUSION

In summary, we hold that the evidence is legally sufficient to support the Defendant's convictions, and because the trial court approved the verdict in its role as thirteenth juror, our review is confined to that sufficiency determination. We further conclude that the trial court acted within its discretion in admitting testimony about the police investigation and that the Defendant has waived appellate review of any Confrontation Clause claim. We respectfully affirm the judgments of the trial court.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE

- 10 -