IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 21, 2026 Session

**STATE OF TENNEESEE v. BOONE BEVERLY**

**Appeal from the Criminal Court for Knox County
Nos. 117958, 121152, 121153, 121154, 121155, 121156, 121157
Hector Sanchez, Judge**

———————————————————

**No. E2025-00302-CCA-R3-CD**

———————————————————

The Defendant, Boone Beverly, appeals the trial court's revocation of his probation. On appeal, the Defendant argues that the trial court abused its discretion by denying the Defendant's request to allocute or speak on his own behalf at his revocation hearing. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Eric M. Lutton, District Public Defender; Jonathan Harwell, Assistant District Public Defender (on appeal); and David D. Skidmore, Assistant District Public Defender (at probation revocation hearing), for the appellant, Boone Beverly.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Molly Martin and Sean Bright, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I.      FACTUAL AND PROCEDURAL HISTORY**

On December 2, 2021, the Defendant, Boone Beverly, pled guilty to two counts of theft, two drug offenses, and possession of a weapon with the intent to go armed in Knox County Case number 117958, and the trial court imposed a total effective sentence of three years at thirty percent service, suspended to supervised probation after one year in

confinement.[1]  While on probation, the Defendant was charged on April 7, 2022, in Knox County case numbers 121152, 121153, 121154, 121155, and 121156 with five counts of theft occurring in July 2020.  He was also charged in Knox County case numbers 121157 and 121158[2] with two counts of theft occurring in October 2020.

On June 1, 2023, the trial court revoked the Defendant's probation in case number 117958 and reinstated his three-year sentence.  On the same day, the Defendant pled guilty to his six theft charges in case numbers 121152, 121153, 121154, 121155, 121156, and 121157.  The trial court accepted the Defendant's guilty pleas and imposed an effective seven-year probationary sentence on those six convictions, to be served consecutively to the three-year probationary term in case number 117958, yielding an effective ten-year probationary sentence at an enhanced level of supervision.

On September 29, 2023, while on probation, the Defendant was served with another violation of probation warrant alleging that he tested positive on drug screens.  On June 21, 2024, and June 25, 2024, the trial court entered two orders amending the Defendant's violation of probation warrant to include the Defendant's having been charged with new offenses and having violated various rules of probation.

On January 17, 2025, the trial court heard the testimony of two law enforcement witnesses and determined that the Defendant had violated the terms of his probation.  At the Defendant's request, the trial court bifurcated the Defendant's revocation hearing and held the issue of the consequences of the violation in abeyance.

The second portion of the revocation hearing was held on February 12, 2025.  The Defendant requested to be released to an outstanding hold in Union County to address additional matters in that county, and then to be permitted to enter a treatment program, which counsel stated was available.  The State argued that the Defendant was not a suitable candidate for this proposal because he had previously had several unsuccessful opportunities on both supervised and enhanced probation.  After hearing the parties' arguments, the trial court summarized its previous findings and noted that it had found the Defendant had violated the terms of his probation.  During this summary, the following exchange occurred:

---

[1] The judgment forms indicate the Defendant's sentences for case number 117958 were to be served consecutively to the sentence in count one of case number 117733.  The record does not include a copy of the judgment form in case number 117733.

[2] Case number 121158 was dismissed as part of the plea agreement.

[DEFENSE COUNSEL]: Your Honor, I would—[the Defendant] has something he would like to tell the [c]ourt before I—I think where we're going.

THE COURT: Well, I mean, a revocation proceeding is—he's not really entitled to allocution. So[,] as an initial sentencing he was, and he did, and I—of course, you know, it's sad if [the Defendant], obviously, has some substance use disorder [which] steer[ed] him to making pretty poor decisions. So[,] he was given opportunity, and he squandered it. He didn't take advantage of what was provided to him.

The trial court then revoked the Defendant's suspended sentences and ordered him to serve the balance of those sentences in confinement. This timely appeal followed.

## II.   ANALYSIS

On appeal, the Defendant contends that the trial court abused its discretion by denying his request to allocute or speak on his own behalf at his revocation hearing. The State responds that the Defendant waived this issue and is not entitled to plain error review. The Defendant argues in his reply brief that waiver does not apply and that the State conceded the allocution issue because it failed to address the substance of his claim in its brief.

### A.  WAIVER

Before we address the issue raised by the Defendant for appellate review, we must first address the issue of waiver. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). The State argues that the Defendant's claim regarding the denial of his right to allocution at his probation revocation hearing is waived on appeal because he failed to make a contemporaneous objection in the trial court and because he raises the issue for the first time on appeal. In addition, the State argues that the Defendant is not entitled to plain error review because he failed to request plain error review in his initial brief. In his reply brief, the Defendant cites Tennessee Rule of Criminal Procedure 51 to support his argument that waiver does not apply because he requested to speak, which the trial court denied. The Defendant argues that no further action was required to preserve the issue for appeal. The Defendant also argues that the State's failure to dispute the Defendant's allocution claim beyond its arguments regarding plain error review should be treated as a concession on the substantive issue.

- 3 -

Following our review, we agree with the Defendant that the issue is not waived; however, we disagree with the Defendant's latter claim that the State has conceded error. Our basic rules of appellate procedure require that issues be first presented to the trial court to preserve them for appellate review. *See* Tenn. R. App. P. 13(b), 36(a); *see also State v. Bristol*, 654 S.W.3d 917, 925 (Tenn. 2022) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal."); *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) ("Generally, issues raised for the first time on appeal are waived."). Tennessee Rule of Criminal Procedure 51 provides, in relevant part, that formal exceptions to a trial court's rulings or orders are unnecessary and that it is sufficient that a party state "the action that the party desires the court to take" at the time the party seeks such action. Tenn. R. Crim. P. 51(b)(1).

Here, the Defendant advised the trial court of the action he desired the court to take when he requested permission to speak. The trial court denied his request, stating that the Defendant had a right of allocution at a sentencing hearing but not a probation revocation hearing. Pursuant to Tennessee Rule of Criminal Procedure 51, this request and the trial court's ruling thereupon were sufficient to preserve the issue for review in this context. *See Goines v. State*, 572 S.W.2d 644, 649 (Tenn. 1978) (holding that requiring an objection after a ruling "would have been an idle ceremony and a useless gesture" and that "courts do not demand that counsel engage in futile efforts"); *see also State v. McGhee*, 746 S.W.2d 460, 464 (Tenn. 1988) (citing *Goines* for the holding that the courts are "not inclined to require counsel to make technical, argumentative or repetitious objections to issues which have already been ruled upon"); *Bostick v. State*, No. W2022-00723-CCA-R3-PC, 2023 WL 3265313, at *14 (Tenn. Crim. App. May 5, 2023) (citing to *Goines*, *McGhee*, and Tennessee Rule of Criminal Procedure 51(b) for the lack of need to object or make an exception after a ruling), *perm. app. denied* (Tenn. Sept. 12, 2023). Accordingly, the issue is not waived.

However, we disagree with the Defendant's claim that the State has conceded error by neglecting to argue the substantive merits of the issue and instead only arguing that the Defendant would not be entitled to plain error review. The Defendant suggests that in doing so, the State has neglected to develop an argument. But at oral argument, the State contended, and we agree, that it addressed and rebutted the substantive merits of the Defendant's claim within its plain error analysis. In its brief, the State directly disagrees with the Defendant's request for relief and cites both statutes and case law in support of its position.

The Defendant makes a general challenge to the adequacy of the State's brief on this issue. The basic rules of this court require an appellee to present a brief which sets forth "the contentions of the [party] with respect to the issues presented, and the reasons

therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." Tenn. R. App. P. 27(a)(7)(A); Tenn. R. App. P. 27(b): *see* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). However, the brief submitted by the State is a far cry from the cases in which this Court has concluded that a party failed to craft an argument. *See e.g.*, *Harris v. State*, No. W2024-01222-CCA-R3-PC, 2025 WL 1565401, at *7 (Tenn. Crim. App. Jun. 2, 2025) (holding brief insufficient for failing to "specifically identify what 'other favorable court rulings' . . . counsel should have presented to the trial court and fails to present an argument as to how trial counsel's failure to do so resulted in prejudice to his defense"), *perm. app. denied* (Tenn. Oct. 9, 2025); *State v. Hall*, No. E2024-01753-CCA-R3-CD, 2025 WL 2398412, at *5 (Tenn. Crim. App. Aug. 19, 2025) (holding brief insufficient for lack of statement of the law and for failure to show support or argue evidence in the record), *perm. app. denied* (Tenn. Jan. 14, 2026). Here, the State set forth the basis for why the Defendant's legal arguments concerning plain error review should not succeed, citing both statutes and case law.

Even if this court were to consider the State's argument as a concession, we would not be bound by such a concession. "Before accepting a concession, this court should independently analyze the underlying legal issue to determine whether the concession reflects a correct interpretation of the law." *Cooper v. State*, No. E2022-01776-CCA-R3-PC, 2024 WL 4143828, at *32 (Tenn. Crim. App. Sept. 11, 2024), (citing *State v. Gomez*, 163 S.W.3d 632, 654 (Tenn. 2005), *vacated and remanded on other grounds*, *Gomez v. Tennessee*, 549 U.S. 1190 (2007)), *perm. app. denied* (Mar. 14, 2025). Accordingly, we will review the Defendant's claim on the merits.

## B. Probation Revocation and Allocution

The Defendant argues that the trial court abused its discretion by denying his request to allocute during his probation revocation hearing. The State responds that the Defendant is not entitled to relief. We agree with the State. Probation revocation proceedings are two-pronged: first, the trial court must determine, by a preponderance of the evidence, whether the defendant has violated a condition of his or her probation such that revocation is warranted; and if so, what consequences should apply upon revocation. *State v. Dagnan*, 641 S.W.3d 751, 757 (Tenn. 2022). Both determinations are discretionary; as such, we review both determinations for an abuse of discretion accompanied by a presumption of reasonableness, so long as the trial court places sufficient findings and its reasoning in support of its decisions for both prongs on the record. *Id*. at 758-59. Here, the Defendant concedes that the trial court appropriately followed the two-step process for a revocation

proceeding. The Defendant challenges only the trial court's denial of his request to speak to the court or allocute prior to issuing its ruling on the consequences of his violation.

The Defendant cites to other jurisdictions to support his argument but concedes that no Tennessee case "directly addresses whether 'allocution' is required as part of a [probation] revocation proceeding." The Defendant cites to *State v. Rand*, 696 S.W.3d 98, 106 (Tenn. Crim. App. 2024), to argue that because "a 'defendant's acceptance of responsibility and expressions of genuine remorse' are to be considered as part of the probation revocation decision," the Defendant has "a right to speak directly to the court." He further argues that "it is difficult to see how a defendant is to accept responsibility and express remorse if not allowed to address the court personally." While this court agrees that "a 'defendant's acceptance of responsibility and expressions of genuine remorse' are to be considered as part of the probation revocation decision," the Defendant's argument that he has a right of allocution in probation revocation proceedings is not supported under our current statutory provisions and case law.

Tennessee Code Annotated section 40-35-210(b)(7), which governs the imposition of sentences in criminal cases and the evidence to be considered, provides for the consideration of "[a]ny statement the [D]efendant wishes to make on the [D]efendant's own behalf about sentencing." However, this court has consistently held that "the trial court is not obligated to consider [that] statute in a probation revocation hearing." *State v. Thacker*, No. M2011-01061-CCA-R3-CD, 2012 WL 1072005, at *3 (Tenn. Crim. App. Mar. 28, 2012) (holding that Tennessee Code Annotated section 40-35-210 is not applicable in the context of a probation revocation hearing), *no perm. app. filed*; *see also State v. Brewster*, No. E2021-00793-CCA-R3-CD, 2022 WL 2665951, at *4 (Tenn. Crim. App. July 11, 2022) (holding that statutes relevant to the denial of probation are not applicable to the consideration of the revocation of probation), *no perm. app. filed*; *State v. Gibbs*, No. M2021-00933-CCA-R3-CD, 2022 WL 1146294, at *4 (Tenn. Crim. App. Apr. 19, 2022) (holding that the purposes and principles of sentencing do not apply in probation revocation proceedings), *no perm. app. filed*.

Instead of a right to allocution, the General Assembly specifically provided the Defendant with an alternative method by which to address the trial court in probation revocation proceedings. Pursuant to Tennessee Code Annotated section 40-35-311(b), which applies to probation revocation proceedings, "the [D]efendant . . . has the right to introduce testimony in [his own] behalf." Despite this available avenue of addressing the trial court, the Defendant did not attempt to testify. Thus, the trial court did not abuse its discretion in denying the Defendant's request to allocute, and the Defendant is not entitled to relief.

### III. CONCLUSION

Following our review of the record and based upon the foregoing analysis, we affirm the judgment of the trial court.

s/ *STEVEN W. SWORD*

STEVEN W. SWORD, JUDGE